392 So.2d 190 (1980)
Rowena SPENCER
v.
Jerry HOFFMAN, d/b/a Jerry Hoffman's Pool & Patio Enclosures, and Triangle Pool and Patio Enclosures, Inc.
No. 11577.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1980.
Noble, Slaughter, Clayton & Lorenz, Rainer Lorenz, New Orleans, for plaintiff-appellant.
Morphy, Faulkner, Simpson & DiMaria, Steven K. Faulkner, Jr., Metairie, for defendants-appellees.
Before SAMUEL, BARRY and SARTAIN, JJ.
*191 BARRY, Judge.
Plaintiff filed a petition for quanti minoris on a contract for construction of a pool enclosure. As a result of a prior arbitration award defendant filed exceptions of res judicata and no right of action which were maintained by the District Court dismissing plaintiff's suit. Plaintiff-appellant contends that the issues in her lawsuit were not considered or raised in the arbitration action and she should not be precluded from seeking relief.
Plaintiff made installment payments of $9,500.00 on the $13,000.00 contract, but before substantial completion disputes arose which the parties found impossible to resolve.
Both parties agreed to arbitration. After the initial hearing, the arbitrator rendered an award which listed various deficiencies and defendant was given time to perform corrective work. Plaintiff eventually objected to the award and when defendant appeared at plaintiff's residence he was prohibited by plaintiff from doing any work. A subsequent arbitration hearing was conducted after which an amended award was rendered wherein defendant was ordered to repay $500.00 to plaintiff (an interim disbursement), and upon this repayment, the arbitrator declared both parties released from the contract. The net effect was to cancel the $3,500.00 balance owed by plaintiff and defendant was released from any further corrective work.
Plaintiff's petition for a reduction in the contract price failed to mention that plaintiff had agreed to and participated in arbitration. The arbitration agreement specifically provided:
"Both parties agree that the arbitration award shall be final and binding and that any party not adhering to the award shall be liable to the other party for reasonable attorney fees, court costs and other collection costs resulting from non-compliance."
Plaintiff had an alternative to the arbitration award. She had three months to file a motion to vacate, modify or correct the award. LSA-R.S. 9:4213. Instead, she waited nine months before filing a petition in the District Court. Plaintiff's submission to arbitration included her agreement to be bound accordingly. Our judicial system is precluded from exercising jurisdiction once arbitration has commenced, LSA-R.S. 9:4201, 4202, except as noted above.
Plaintiff urges that the relief sought in the District Court differed from the complaints she urged in arbitration. However, the arbitration agreement which she agreed to specified that the "customer seeks correction of all defects." (emphasis added).
The clear purpose of arbitration is to avoid costly and lengthy litigation and to achieve a speedy resolution of the dispute in lieu of judicial proceedings. Firmin v. Garber, 353 So.2d 975 (La.1977). In Louisiana arbitration is favored as a public policy. Wright v. Round Corner Restaurants of La., Inc., 252 So.2d 341 (La.App. 4th Cir. 1971).
The award of an arbitrator is res judicata and unless grounds are established, in accordance with arbitration law, for the vacation, modification or correction of the award, it must be affirmed. Bergeron v. Gassen, 185 So.2d 106 (La.App. 4th Cir. 1966).
Accordingly, the judgment of the District Court is affirmed with costs of this appeal to be paid by appellant.
AFFIRMED.