| jBARRY, Judge.
Defendants appeal a judgment which confirms an arbitration award in favor of Tower Hill Trading Co., Ltd. and Raymond Fretz, sole beneficial owner of Tower Hill (Tower HUI).
On September 19, 1977 Tower Hill signed a contract with Howard, Weil, Labouisse, Friedrichs Inc. when it opened accounts there. The document provided that any controversy arising out of or relating to the contract or a breach thereof would be settled by arbitration and the arbitrators award would be final.[1] On May 1, 1992 Tower Hill, a Bermuda corporation, filed a demand for arbitration with the American Arbitration Association (AAA) in New York against Howard Weil, a broker-dealer, Legg Mason, Inc., the parent company of Howard Weil, and Legg Mason Wood Walker, a broker-dealer (Howard Weil). Tower Hill alleged |2a breach of fiduciary duty by conversion, wrongful withdrawals, and possible theft of cash and securities held in its discretionary accounts at Howard Weil (referred to as the Bermuda claims).[2] After hearings and conferences during which the amount in controversy greatly decreased, Tower Hill unsuccessfully sought to add additional claims to the arbitration (referred to as Refco and Barclays/Global claims). Howard Weil’s motion to strike those claims was granted on *1098 January 12, 1994. In a January 21, 1994 letter to the AAA in New York, Tower Hill unilaterally withdrew its claims.
On May 3, 1994 the New York arbitration panel accepted Tower Hill’s withdrawal with prejudice, declared that the award was in “full settlement of all claims submitted to this Arbitration,” awarded Howard Weil costs of the arbitration, and Tower Hill was to pay administrative fees. Pursuant to cross petitions to vacate and confirm, the U.S. District Court in New York confirmed the award on September 13,1995. In its opinion the court stated that the parties agreed during oral argument that the claims raised in the New York arbitration and partially heard there (the Bermuda claims-not the Refco and Bar-clays/Global claims that Tower Hill unsuccessfully attempted to add) were the only claims withdrawn with prejudice. Howard, Weil, Labouisse, Friederichs Inc. v. Tower Hill Trading Co., Ltd., 94-4709 and 94-4710, 1995 WL 548846 (S.D.N.Y.9/13/95).[3]
l.-iOn January 21,1994 Tower Hill and Raymond Fretz filed a statement of claim with the AAA in New Orleans relating to funds not deposited into Tower Hill’s securities accounts at Howard Weil or transferred into an unauthorized account at First City Bank and withdrawn without authorization. The statement of claim in New Orleans involved: checks of $115,995 from Tower Hill’s Refco account; eight checks totaling $506,840.86 from Raymond Fretz’s off-shore accounts (Barclays/Global withdrawals); and checks totaling $11,344.32 from the Bermuda Provident Bank (Bermuda withdrawals).
Howard Weil, in a February 14,1994 letter to AAA in New Orleans, attempted to block the arbitration. In a February 23, 1994 response AAA’s Regional Director declared that Tower Hill had met the filing requirements and the arbitration would proceed “in the absence of an agreement by the parties or a court order staying this matter.” The letter suggested that the parties might wish to raise the issue with the arbitrators at or prior to the hearing. Howard Weil did not seek a stay of arbitration. Instead, in its March 7, 1994 answer and counterclaim, Howard Weil argued that the claims were barred by res judicata and should be dismissed. On December 13, 1994 the arbitration panel denied the motion to dismiss the claims except the Bermuda claims (raised in New York and withdrawn with prejudice). At the first hearing in New Orleans on January 9, 1995 Howard Weil argued res judica-ta. However, it did not file a petition to stay the proceedings in district court. Howard Wed never raised that issue in court.
On March 3, 1995 the N.O. panel awarded Tower Hill and Fretz $490,000 plus $10,-796.87 for AAA administrative fees and compensation for arbitrators and interest. Tower Hill and Fretz filed a rule to confirm the award in one division of civil district court and Howard Weil filed a petition to vacate the arbitration [4award and to stay arbitration proceedings in another division. The claims were consolidated and transferred to a third division where Legg Mason had filed a petition in 1993 to issue a subpoena duces tecum. Howard Weil’s motion to file an amended petition to vacate (alleging newly discovered evidence of fraud) was denied as well as its petition to vacate the award and to stay arbitration proceedings. The rule to confirm filed by Tower Hill and Fretz was granted. The three cases are consolidated on appeal.
Howard Weil argues on appeal that the trial court erred by confirming an award where the arbitration panel exceeded its authority by considering the res judicata issue and deciding claims that were barred by the preclusive effect of a prior arbitration award. Tower Hill counters that Howard Weil did not carry its burden of proving the specified grounds to vacate the arbitration award.

LAW AND ANALYSIS

Arbitration is a substitute for litigation. Housing Authority v. Henry Ericsson Co., 197 La. 732, 2 So.2d 195 (1941). The purpose of arbitration is settlement of differences in a fast, inexpensive manner before a tribunal chosen by the parties. That purpose is defeated when parties seek judicial review of an arbitration award. Bartley, Inc. v. Jefferson Parish School Board, 302 So.2d 280 *1099 (La.1974). The parties may submit all their differences or only some of them. La. C.C. art. 3102. Our judicial system is precluded from exercising jurisdiction once arbitration has commenced. Spencer v. Hoffman, 392 So.2d 190 (La.App. 4th Cir.1980). The authority of arbitrators extends “only to things contained in the submission, unless it has been stated that they shall have power to decide all disputes which may arise between the parties in the course of the arbitration.” La. C.C. art. 3122.
| gBecause of the strong public policy favoring arbitration, arbitration awards are presumed valid. Errors of fact or law do not invalidate an award. National Tea Co. v. Richmond, 548 So.2d 930 (La.1989). Arbitration is favored and an arbitration award is res judicata. Rosenbloom v. Mecom, 478 So.2d 1375 (La.App. 4th Cir.1985); Bergeron v. Gassen, 185 So.2d 106 (La.App. 4th Cir.1966). Unless grounds for vacating, modifying or correcting the award are established, the award must be confirmed. Spencer, 392 So.2d at 190; Hurley v. Fox, 587 So.2d 1 (La.App. 4th Cir.1991). The burden of proof is on the party attacking the award. It can be challenged only on statutory grounds. Firmin v. Garber, 353 So.2d 975 (La.1977); Hill v. Cloud, 26,391 (La.App. 2 Cir. 1/25/95), 648 So.2d 1383, writ dismissed 95-0486 (La.3/17/95), 651 So.2d 260.
La. R.S. 9:4210 sets out the only grounds vacate an arbitration award:
In any of the following eases the court in and for the parish wherein the award as made shall issue an order vacating the award upon the application of any party to the arbitration.
A. Where the award was procured by corruption, fraud, or undue means.
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
D.Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
Where an award is vacated and the time within which the agreement required the award to be made has not |6expired, the court may, in its discretion, direct a rehearing by the arbitrators.
Howard Weil argues that the arbitration panel exceeded its powers by deciding the res judicata issue and arbitrating claims barred by res judicata. However, Howard Weil raised that issue before the arbitrators, not the district court. Generally, courts have divergent views on whether a court or an arbitration panel should decide the res judi-cata effect of a prior award. Domke on Commercial Arbitration § 31:02 (Revised ed. 1995). Howard Weil cites no Louisiana authority to support its conclusion that a court should have decided that issue, which it raised only before the arbitration panel. Howard Weil did not seek redress from the courts until the arbitration panel made the award. When Howard Weil filed for a stay and to vacate the arbitration award, it had to allege one of the exclusive statutory grounds to vacate under La. R.S. 9:4210. The fact that the arbitration panel failed to bar the claims on the basis of res judicata is not a statutory basis to vacate the award. See generally Domke at § 31:02 (Supp.1996).
We are satisfied that the Refco and Barclays/Global claims are not barred by res judicata. Tower Hill filed the statement of claim in New York where funds from Tower Hill’s Bermuda Bank account were involved. Tower Hill and Raymond Fretz filed the statement of claim in New Orleans where funds from Tower Hills’s Refco commodity account and Fretz’s off-shore Bar-elays/Global accounts were at issue. Importantly, the Refco and Barelays/Global claims did not arise out of the transaction or occurrence that was the subject matter of the New York arbitration. See La. R.S. La. 13:4231. The Refco and Barclays/Global claims decided in New Orleans related to funds from completely different source accounts than the funds involved in the New York arbitration. *1100 Additionally, ^exceptions, which include exceptional circumstances to justify relief from the res judicata effect of the judgment, are listed in La. R.S. 13:4282. Courts recognize the exercise of equitable discretion to balance the principle of res judicata with the interests of justice. Jenkins v. State, 615 So.2d 405 (La.App. 4th Cir.1993), writ denied 617 So.2d 932 (La.1993).
Howard Weil argues that La. R.S. 9:4210(D) applies because the arbitration panel exceeded its authority, but cites no Louisiana jurisprudence. Howard Weil’s reliance on First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995), (where the federal appellate court’s reversal of the confirmation of an arbitration award was affirmed) is not well-founded. At issue there was the arbitrability of the dispute between the parties and whether the arbitrators had the power to decide the arbitrability. The U.S. Supreme Court was not persuaded by arguments that the parties opposed to arbitration had argued the arbitrability issue to the arbitrators (and thus were willing to be bound by their decision) and failed to seek an independent court decision on the issue (by trying to enjoin the arbitration). The Court based its decision in part on jurisprudence in the federal Third Circuit which suggested that parties could argue arbitrability to arbitrators without losing their right to an independent court review. The arbitrability of the dispute between Tower Hill and Howard Weil is not at issue here and there is no basis under Louisiana law to support Howard Weil’s position.
The trial court properly denied Howard Weil’s petition to vacate and confirmed the arbitration award. The judgment is affirmed.

AFFIRMED.

SCHOTT, C.J., concurs.
|

. According to the document, arbitration was to be in accordance with the rules of the Arbitration Committee of the Chamber of Commerce of the state of New York or the American Arbitration Association or the Board of Arbitration of the New York Stock Exchange. The agreement provided that the contract and its enforcement were governed by the laws of New York state.

. The New York statement of claim involved checks of $188,307.32 drawn on Tower Hill’s regular account, $321,847.06 drawn on its special account, and $290,744.02 drawn on a third account (referred to as the fictitious account because Tower Hill did not authorize it and was unaware of it until January, 1992) and deposited in a New Orleans First City Bank account which Tower Hill claims it did not maintain.

. The U.S. District Court opinion was attached to a memorandum filed in this case.