700 So.2d 521 (1997)
Robert C. HENNECKE
v.
Kenneth J. CANEPA, et al.
No. 96-CA-0772.
Court of Appeal of Louisiana, Fourth Circuit.
May 21, 1997.
Carl W. Cleveland, George P. Vedros, Jean-Paul Layrisson, Timothy D. Scandurro, Carl W. Cleveland & Associates, New Orleans, for John V. LaBarge Bankruptcy Trustee.
M. Nan Alessandra, Phelps Dunbar, New Orleans, for Robert C. Hennecke.
Trevor G. Bryan, Bryan & Jupiter, New Orleans, for Norbert Simmons & First Commonwealth Securities Corporation.
Before BYRNES, LOBRANO, PLOTKIN, JONES and WALTZER, JJ.
LOBRANO, Judge.
We granted rehearing in this matter to consider the arguments raised by appellants in their application. In particular, we reconsider the issue of whether our review standard, i.e. abuse of discretion, was appropriate. For the following reasons, we conclude that we erred in applying that standard because the issue is legal, rather than factual. We hold that the trial judge committed legal error by reasserting jurisdiction and staying the arbitration proceedings and that the *522 judgment should be reversed and this matter remanded back to arbitration.
The entire factual scenario precipitating the instant matter is recited in our original opinion and need not be reiterated in detail here. Suffice it to say that there was a binding agreement to arbitrate, that Simmons requested arbitration, and that after all proceedings were stayed by Hennecke's bankruptcy, the bankruptcy judge lifted the stay at Simmon's request for the limited purpose of allowing the NASD arbitration proceedings to conclude. On the morning that arbitration commenced, Simmons obtained the injunction that is the subject of this appeal. He asserts that a grave injustice would have been committed if he had been forced to arbitrate without obtaining a continuance because of Canepa's alleged change of position. The trial court granted Simmon's request, halted the arbitration proceedings, reasserted jurisdiction and ordered a trial on the merits in Civil District Court.
The statutory scheme authorizing resolution of disputes by arbitration provides for the stay of judicial proceedings when an issue is referable to arbitration under a valid agreement in writing for arbitration. La. R.S. 9:4202 The stay is effective "until arbitration has been had in accordance with the terms of the agreement...." Id. A party aggrieved by an arbitration award may seek relief in a district court to vacate or modify it in accordance with La. R.S. 9:4210 and 4211. In particular, due process violations, such as the arbitrator "refusing to postpone the hearing upon sufficient cause shown," require a reviewing court to vacate the award. La. R.S. 9:4210(c). During the course of the arbitration proceeding, the district court has jurisdiction to appoint an arbitrator, compel witness attendance, and compel discovery. La. R.S. 9:4204, 4206, 4207.. Once arbitration is completed, the trial court has jurisdiction to confirm, modify or vacate the award. La. R.S. 9:4209, 4210 and 4211. In all other respects, once arbitration has commenced we have recognized that courts are precluded from asserting jurisdiction. Spencer v. Hoffman, 392 So.2d 190 (La.App. 4th Cir.1980). See also, Woodson Const. Co. v. R.L. Abshire Construction Co., Inc., 459 So.2d 566 (La. App. 3d Cir.1984). That recognition is consistent with the purposes of arbitration..
"The object of arbitration is the speedy disposition of differences through informal procedures without resort to court action." Firmin v. Garber, 353 So.2d 975, 977 (La.1977). Arbitration must be agreed to by the parties, and when they do so, they are presumed to accept the risk of procedural and substantive mistakes of either fact or law. In Re U.S. Turnkey Exploration Inc. and PSI, Inc., 577 So.2d 1131 (La.App. 1st Cir.1991), writ den. 580 So.2d 676. In the absence of statutory or agreed to procedures, the arbitrator has broad discretion in conducting the proceedings. A reviewing tribunal's primary function is to determine if the arbitration proceedings have been fundamentally fair. Id. As we noted, infra, Louisiana's arbitration statute authorizes the courts to vacate arbitration awards obtained in violation of due process requirements.[1]
Considering these principles in conjunction with the procedural posture of this case as it existed when Simmons sought injunctive relief, we conclude the trial court erred by halting the arbitration and reasserting jurisdiction over the merits. It is undisputed that a valid written arbitration agreement existed. It is undisputed that arbitration was properly ordered. Thus once arbitration commenced, the court should have allowed it to proceed to completion. The alleged impropriety of the arbitrators' denial of Simmon's request for a continuance would be properly the subject of review by the district court after an award was rendered by the arbitrator.
It defeats the purpose of arbitration if the parties can obtain injunctive relief each time they receive an adverse ruling during the course of arbitration. It makes no sense for statutory law to provide the mechanisms to enforce a binding arbitration agreement only *523 to have a court step-in, assert jurisdiction and terminate arbitration upon a party's complaint of abuse of discretion by the arbitrator. Statutory law makes no provision for that procedure. Egregious circumstances, such as the necessity to replace an arbitrator, may require a court to stay arbitration for a reasonable period of time. However, once the reason for the stay is corrected, the matter should be allowed to arbitrate to its conclusion. In sum, there was a binding agreement between the parties to arbitrate, the statutory law provides for that method of dispute resolution, and the courts should refrain from interfering until the arbitration is completed.
In addition, we also conclude that the trial court erred by ignoring the orders of the federal bankruptcy court. When Hennecke filed for bankruptcy, an automatic stay of all proceedings went into effect. 11 U.S.C. 362(a). That stay prohibits the commencement or continuation of judicial actions or proceedings against a debtor. It was lifted by the federal court for the limited purpose of permitting the parties' claims to be resolved by NASD arbitration. We hold that the trial court was bound by the stay and the limited purposes for which it was lifted.
No citation is necessary for the constitutional rule which requires courts of one state or jurisdiction to give full faith and credit to the judicial proceedings of another court. The full faith and credit clause is applicable to Federal decisions as well as state decisions. 28 U.S.C. 1738. The district court was bound to recognize and adhere to the federal bankruptcy stay order and the limited purposes for which it was lifted. Simply put, the district court was prohibited by the federal stay order from asserting jurisdiction over the merits of these proceedings, and any attempt to do so was legal error.
For the reasons assigned, we grant rehearing, vacate our original decree, and reverse the judgment of the trial court. The matter is remanded to the arbitration panel for further proceedings.
REVERSED AND REMANDED.
JONES J., concurs in part and dissents in part.
BYRNES, J., dissents for the reasons stated in the original opinion.
NOTES
[1] See, Pittman Construction Co. Inc. v. Charles Pittman, 96-1498, 96-1079 (La.App. 4th Cir. 3/12/97), 691 So.2d 268