|, BAGNERIS, Judge.
The defendant, Charles Strohmeyer, appeals a judgment in favor of the plaintiff, Haase Construction Company, Inc., granting plaintiffs Motion for Confirmation of Arbitration Award and denying defendant’s Motion to Vacate Arbitration Award, or in the Alternative, to Modify or Correct Arbitration Award. We affirm in part, and vacate in part.
On April 10, 1995, Haase Construction entered into a written construction contract with the defendant, Strohmeyer, to do construction work for the defendant. The arbitrator awarded Haase $20,370.00 due by Strohmeyer under the construction contract.
Numbered paragraph 4.5.1 of the Construction Contract contained an arbitration clause which provides in pertinent part that:
Any controversy or Claim arising out of or related to the Contract, or breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration rules of the American Arbitration Association, and judgment *154 upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof, ...
[¿Haase invoked this arbitration clause in pursuit of what it claimed was due from Strohmeyer under the Construction Contract. Strohmeyer does not contest Haase’s right to invoke arbitration. Stroh-meyer contends that the Arbitrator made certain awards that exceeded his authority.
The trial court confirmed the award of the arbitrator of $20,370.00 comprised of the following items: Payment Number 6— $738.00; Payment Number 7 — $13,924.00; Additional Concrete Work — $1,289.00; Additional Grate and Frame at Drive— $2,039.00; and Increase Masonry Wall Height — $2,380.00.
The formal Demand for Arbitration issued by Haase described the “Nature of the Dispute” as:
Nonpayment of payment requests 6 & 7 (final) plus approved change orders under construction contract for construction of a commercial building at 647 Hickory St. Harahan, LA.
Strohmeyer does not object to the arbitration award of the items specifically described in the Demand for Arbitration just quoted, i.e., awards for “requests 6 & 7 (final) plus approved change orders ...” However, Strohmeyer objects to the awards for additional concrete work, additional grate and frame at drive, and additional masonry wall.
Strohmeyer does not contend that these three additional items not specifically referred to in the Demand for Arbitration are not arbitrable. Rather, he contends that they were not properly part of the arbitration proceedings that form the basis of the instant case because they were not included in the Demand for Arbitration. Haase does not contest the fact that none of these three items falls launder the categories of approved change orders or “requests 6 & 7,” the only items referred to in the Demand for Arbitration.
However, Strohmeyer made no appearance and did not contest the arbitration. Strohmeyer contends that the arbitrator’s decision against him was, therefore, in the nature of a default. Implicit in this contention is the argument that, as this arbitration was in the nature of a default, the relief granted by the arbitrator should not exceed that available in a civil default, i.e., the relief should “not be different in kind from that demanded in the petition.” LSA-C.C. art. 1703. Pursuant to this analogy to a civil default, the Demand for Arbitration would be analogous to the petition referred to in LSA-C.C. art. 1703. Haase counters with the argument that arbitrations are favored. We agree.
Arbitration proceedings are not held to the same strict rules as are the courts. In the absence of statutory or agreed to procedures, the arbitrator has broad discretion in conducting the proceedings. Hennecke v. Canepa, 96-0772, p. 3 (La.App. 4 Cir. 5/21/97); 700 So.2d 521, 522, writ denied, 97-1686 (La.10/3/97), 701 So.2d 210. The appellate court’s function is to determine if the arbitration proceedings have been fundamentally fair. Id.
Further, Haase contends that where LSA-R.S. 9:4211(B) provides that arbitration awards may be modified, “Where the arbitrators have awarded upon a matter not submitted to them ...it does not mean that every item to be considered by the arbitrator must be specifically delineated in the Demand for Arbitration. Implicit in Haase’s assertion is the principle of arbitration that once the parties have agreed to the arbitration process they are presumed to accept the risk of procedural and substantive mistakes of either fact or law. Id.
LHaase contends that when Strohmeyer failed to attend the arbitration he “accepted the risk” that the arbitrator’s award would exceed the strict literal limits of the claims described in the Demand for Arbitration. In favor of this argument, we note that Strohmeyer does not contest the *155 fact that the three items in the award that he opposes in this appeal were arbitrable under the agreement. Strohmeyer implicitly relies on the principle enunciated in Hennecke, supra, i.e., “Louisiana’s arbitration statute authorizes the courts to vacate arbitration awards obtained in violation of due process requirements.” In effect, in order to find for Strohmeyer this Court must find that when the award of the arbitrator included three items not included in the Demand for Arbitration, that it was fundamentally unfair to Strohmeyer and that the lack of notice effectively violated his due process rights.
We agree that the demand need not specifically delineate every item to be considered by the arbitrator. However, where the language of the demand is phrased in such terms that the only reasonable construction to be given that language would include certain limitations, then such limitations are enforceable.
In the instant case there is nothing general in the language of the demand. Further, there is no catchall language from which Strohmeyer could have reasonably inferred that the arbitration proceedings might encompass more than those items specifically delineated. By specifically describing certain items and including no non-limiting language (such as “including, but not limited to”) [1] the only normal construction to be given to the demand is that the list is exclusive and comprehensive.
1 sThe court opines that it may be one thing to fail to describe in detail every item to be covered by an arbitration proceeding, but it is quite another to send a party a demand for arbitration excluding by implication from the parameters of the arbitration certain items which is what the Demand for Arbitration in this case implicitly does. The party receiving such a demand is reasonable in relying on it in deciding whether to go to the trouble and expense of attending and contesting the issues presented at the arbitration proceeding. To put it another way, it would be fundamentally unfair and a violation of Strohmeyer’s due process rights to permit the award of the additional three contested items in view of the language of the notice. This is not the same as saying that we are adopting Strohmeyer’s argument that we should follow the civil law procedure relating to defaults. We must bear in mind that a primary purpose of arbitration is a rejection of civil procedure. Arbitration awards may not be overturned for errors of fact or law. Tower Hill Trading Co., Ltd. v. Howard, Weil, Labouisse, Friedrichs, Inc., 96-0463, p. 5 (La.App. 4 Cir. 1/22/97); 687 So.2d 1096, 1099. But this Court made it clear in Hennecke, supra, that due process violations require a reviewing court to vacate the award. This Court states in Pittman Const. Co. Inc. v. Pittman, 96-1079, p. 13 (La.App. 4 Cir. 3/12/97); 691 So.2d 268, 274, writ denied, 97-0960 (La.5/16/97), 693 So.2d 803 “an arbitrator should be constantly vigilant of basic due process requirements ...”
In the instant case there is no evidence that supports the contention that Stroh-meyer had actual knowledge that the arbitration proceeding would encompass more than those items referred to in the Demand. It should be noted that Haase does not contend that Strohmeyer had actual knowledge that the arbitration proceeding would encompass the additional items.
|fiThe court finds that the cases cited by Haase are not persuasive. Haase quotes from Tower Hill Trading Co., Ltd. v. Howard, Weil, Labouisse, Friedrichs, Inc., supra at p. 4, 687 So.2d at 1099, that:
*156 The parties may submit all their differences or only some of them. La. C.C. Art. 3102. Our judicial system is precluded from exercising jurisdiction once arbitration has commenced, [citation omitted.] The authority of the arbitrators extends “only to things contained in the submission, unless it has been stated that they shall have power to decide all disputes which may arise between the parties in the course of the arbitration.” La. C.C. Art. 3122.
We find that the wording of the notice was not an issue in Tower Hill. Further, Rule 6 of the Construction Industry Arbitration Rules of the American Arbitration Association cited and quoted by Haase requires that the notice of the demand for arbitration “shall contain a statement setting forth the nature of the dispute ...” There would be no point in requiring that the nature of the dispute be described in the notice if the arbitration were intended or expected to be open-ended and without limitation.[2]
Haase also cited City Stores Co. v. Gervais F. Favrot Co., Inc., 359 So.2d 1031 (La.App. 4 Cir.1978) as a case that is dis-positive of the instant case. Because the unsuccessful party to the arbitration in City Stores sought to have the award modified because it exceeded the bounds described in the demand for arbitration, much as Strohmeyer claims occurred in the instant case, we must consider it carefully. However, upon analysis, if any inference is to be drawn from 17City Stores, it would be one favorable to Strohmeyer. In City Stores, 359 So.2d at 1034-1035, this Court made the statement upon which Haase relies that, “We do not consider the simple demand for arbitration to be controlling of the matters placed before that body.” However, this statement is immediately modified and limited by the following explanation of the facts upon which the statement was based:
The formal document presented in connection with that letter of demand was a document of many pages detailing the entire relationship between the parties with specificity and pointing out, depending upon groupings and sub-groupings some one hundred claims. The owner, although objecting, responded with answers to these claims and put forward claims of its own. It is apparent from the record the reason why the contractor initially mentioned only the first contract, was because it considered as the work progressed under the scheme agreed to by the parties that the work on the original contract encompassed some of the site work necessary to the subsequent “Parcel Q” work arose naturally out of the method of procedure agreed upon. It is noted that the site work was considerably accomplished during the existence of the work on the prime contract and prior to the formalized signing of the second contract ... Each item was vigorously and diligently contested by the owner and there is no complaint of lack of time or notice such as to prejudice its defense. We agree with the position of the arbitration panel and the trial judge that the entire matter was properly before the arbitration panel, and not beyond their authority. [Emphasis added.]
It is significant in City Stores that the demand for arbitration was accompanied by “a document of many pages detailing the entire relationship between the parties with specificity ...” Contrarily, in the instant case the Demand for Arbitration says nothing about the relationship between Haase and Strohmeyer and the nature of the dispute beyond the very brief, but very specific statement: “Nonpayment *157 of requests 6 & 7 (final) plus approved |sehange orders under construction contract for construction of a commercial building at 647 Hickory St., Harahan, LA.” There is nothing in the arbitration demand in the instant ease analogous to that in City Stores that would either explicitly or implicitly suggest the assertion of a claim by Haase for anything beyond the three items specified in the Demand for Arbitration. City Stores does not support Haase.
Nor does Holmes v. Orleans Parish School Board, 95-2451 (La.App. 4 Cir. 7/9/97); 698 So.2d 429, writ denied 97-2102 (La.11/14/97); 703 So.2d 630. Haase offers Holmes in support of the proposition stated in its original appellate brief that: “[T]he demand for arbitration alone does not determine what matters are submitted to an arbitrator for purposes of LSA-R.S. 9:4211(B).” But Holmes does stand for the proposition that the arbitrator may not determine matters not submitted. In Holmes a public school athletic coach filed a written employment grievance requesting certain specific remedies. Holmes at 698 So.2d at 435-436, noted that:
[T]he parties did not prepare a formal submission agreement ... [B]y allowing the grievance to go to arbitration without preparing a formal submission agreement, they “in effect empowered [the arbitrator] to decide the issues stated in the grievance.” Piggly Wiggly, 611 F.2d at 584. The grievance itself became the submission agreement and defined the limits of the arbitrator’s authority. [Emphasis added.]
Thus the opinion in Holmes allowed the remedy, not because the arbitrator was not limited by the demand for arbitration, but because the written grievance was treated as the demand, and the grievance specified the remedy awarded. It is | ¡significant that the Holmes opinion rejected that portion of the remedy given by the arbitrator that was not specified in the grievance/demand for arbitration:
Under the grievance, as quoted above, the arbitrator therefore had the authority to impose every portion of the remedy she chose, except for requiring the OPSB to issue a written warning. The arbitrator was not authorized to impose that portion of the remedy either by the provisions of the [Collective Bargaining Agreement] or by the grievance. The trial court was clearly wrong in failing to vacate that portion of the arbitrator’s award. Accordingly, we amend the trial court judgment granting in part the motion to vacate the arbitration award ... [Emphasis added.] Id.
Therefore, the court in Holmes vacated that portion of the arbitrator’s award that was not requested in the grievance. Thus, the proposition from Holmes is that the submission agreement, whether it take the form of a formal Demand for Arbitration or a more informal grievance, establishes the parameters of the authority of the arbitrator under LSA-R.S. 9:4210 D and 9:4211 B. In other words, Holmes supports Strohmeyer, not Haase.
In State Through Div. of Admin. v. Algernon Blair, Inc., 445 So.2d 133 (La.App. 3 Cir.1984), our brethren concluded that without a transcript of the arbitration proceedings or an itemization of the award it was impossible to determine that the award included interest. The court specifically stated that it did not reach the question of whether such an award would be proper. In the instant case the arbitrator’s award is itemized and shows on its face that it includes items beyond the scope of the submission.
In North Central Utilities, Inc. v. East Columbia Water District, 480 So.2d 901 (La.App. 2 Cir.1985), writ not considered, 481 So.2d 1329 (La.1986), the court concluded that the defendant failed to plead any of the statutory bases for |invacating an award of arbitration. Therefore, North Central Utilities does not support Haase’s argument, as Strohmeyer specifically al *158 leged that the arbitrator exceeded the scope of the submission.
In North Central Utilities, 480 So.2d at 902:
The plaintiff .... submitted a formal demand for arbitration .... claiming $30,-171.16 for additional construction days earned under the contract and performance of repair work for which plaintiff was not responsible.
The defendant did not appear or contest the arbitration, but the trial court vacated the award because the claim “was for work that was not included in the original contract.” On appeal, the trial court’s ruling was reversed, reasoning that, “The issues raised by defendant were properly within the scope of the arbitrator’s power to consider ...” However, the arbitration demand clearly set forth plaintiffs claim for compensation for additional construction delays and related costs. This distinguishes North Central Utilities from the instant case.
Therefore, we conclude that the award by the arbitrator of the three items contested by Strohmeyer exceeded what was submitted to the arbitrator, contrary to LSA-R.S. 9:4210 D and 9:4211 B. In light of the wording of the Demand for Arbitration, the award of those items was fundamentally unfair to Strohmeyer. The Demand for Arbitration was so inadequate a notice that an award of the three items objected to by Strohmeyer violates his right to due process.
For the foregoing reasons, we vacate that portion of the award not included in the submission, in this case the awards pertaining to the additional concrete work in the amount of $1,289.00, the additional grate and frame at drive in the amount of $2,039.00 and the additional masonry wall height in the amount of [,42,380.00, as well as any interest attributable to those items. We affirm that portion of the judgment confirming the balance of the award.

AFFIRMED IN PART AND VACATED IN PART.

. Even the use of the term "including” by itself would permit the inference that the list might not be exclusive. Moreover, Haase’s case would be far stronger if the demand had employed merely a vague general reference to “unpaid amounts due for work performed” or other general words to that effect, rather than specifically describing three items without qualification.

. We wish to emphasize that we are not saying that the notice be as detailed as might be required in a court proceeding, and we would be liberal in construing the language of any such notice. This Court is very sensitive to the fact that as long as the basic standards of fundamental fairness and due process are met, the courts should not burden the arbitration process with technical procedural requirements.