PATRICIA RIVET MURRAY, Judge.
IjThe plaintiffs, Anthony N. Johnson and Bernadette R. Johnson, appeal two district court judgments which collectively have the effect of confirming, in its entirety, an arbitration award rendered August 6, 2009. For the reasons that follow, we affirm.
FACTS AND PROCEEDINGS BELOW
This action stems from a dispute between condominium owners. In 2004, a building with two units, numbered 1425 and 1427 Dauphine Street in New Orleans, was purchased by two limited liability companies, namely 1425 Dauphine, L.L.C., and 1427 Dauphine, L.L.C. On November 7, 2006, these parties converted the property into condominiums by filing a “Declaration Creating and Establishing Condominium Property Regime for the Isle of Orleans, A Condominium” [“the Declaration”]. This document identifies the “Declarant(s)” as 1425 Dauphine, L.L.C., appearing “through its sole member and duly authorized representative Michael D. Moffitt,” and 1427 Dauphine, L.L.C., appearing “through its sole members and duly authorized representatives Anthony N. | ¾Johnson and Bernadette R. Johnson.” The Declaration also states the declarants’ intention to form a Louisiana non-profit corporation to act as the governing body of the condominium owners and to be responsible for the maintenance, repair, replacement, administration and operation of the property. Accordingly, on the same day, The Isle of Orleans Condominium Association, Inc. [“the Association”] was incorporated. Finally, also on November 7, 2006, the parties entered into an “Act of Partition, Exchange and Transfer” whereby:
• 1425 Dauphine, L.L.C. became the record owner of Unit 1425;
• The Johnsons became the record owners of Unit 1427;
• 1427 Dauphine, L.L.C. became the sole Declarant (developer) under the Condominium Declaration and the record owner of two planned but not yet completed cottage units, namely Units 1423 and 1427½.
In September, 2008, the Johnsons made a motion at the meeting of the Association to force Moffitt to remove two dogs that he allegedly was keeping in Unit 1425 in violation of the Declaration.[1] The motion failed.[2] On October 13, 2008, pursuant to the arbitration provision in the Declaration, the Johnsons filed in civil district court a motion to compel arbitration against 1425 Dauphine, L.L.C. on the issue of the presence of the dogs. In response, 1425 Dauphine, L.L.C. filed a memorandum in opposition to the motion, arguing *965 that the arbitration provision |3had not been triggered,[3] and, alternatively, that if the trial court decided to order arbitration, there were multiple issues in dispute between the parties that should be arbitrated. Fourteen additional disputed issues were listed in the memorandum in opposition to the motion to arbitrate. In their reply memorandum, the Johnsons argued that the only issue subject to arbitration was the one concerning the dogs; specifically, the Johnsons argued that the other disputes listed in the opposition memorandum did not arise out of the Declaration but stemmed from certain proposed “agreements” that Moffitt had submitted for approval by the Association.
The motion was heard on November 14, 2008, and the trial court rendered written judgment on December 1, 2008, ordering “that the motion to compel arbitration be and hereby is GRANTED as to all disputes between the parties enumerated in the motion and in the memorandum in opposition to the motion.” The judgment also designated and appointed the Honorable Carolyn Gill-Jefferson as arbitrator. After the parties filed briefs and participated in a telephone conference with the arbitrator, the issue of which disputes were to be arbitrated was again presented to the trial court, which responded by means of an emailed “Order” dated February 18, 2009, to wit:
IT IS ORDERED that the arbitrator will hear all issues involving ANTHONY N. JOHNSON, BERNADETTE JOHNSON AND 1425 DAUPHINE, L.L.C. as outlined in [this court’s prior] judgment.
|4The arbitration hearing took place on May 26, 2009. Anthony Johnson, Bernadette Johnson and Michael Moffitt all testified. On August 6, 2009, the arbitrator rendered an arbitration award (entitled “Judgment”) and written Reasons for Judgment. The arbitration judgment consists of ten separate orders addressing multiple unresolved issues as were recited in the Motion to Compel Arbitration and the memorandum in opposition to the Motion.
On October 27, 2009, the Johnsons filed a Motion to Confirm Arbitration Award in Part and to Vacate in Part. The portion they sought to have confirmed includes one provision ordering the issuance of a mandatory injunction prohibiting the housing of dogs at 1425 Dauphine Street and ordering the removal of the dogs currently housed there, and another provision ordering the Johnsons to remove garment bags from the attic braces and bicycles from the common areas of the condominium complex. The Johnsons sought to have the remainder of the arbitration judgment vacated on the basis that the arbitrator exceeded her powers by purporting to bind the Association and 1427 Dauphine, L.L.C., which were not parties to the arbitration. On January 22, 2010, the trial court granted the Johnsons’ motion to confirm part of the award but denied their motion to vacate the remainder. Subsequently, 1425 Dauphine, L.L.C. filed a Motion to Confirm and Judicially Adopt Arbitration Judgment, which was granted by the trial court on March 16, 2010.
| sThe Johnsons now appeal the trial court’s judgments of January 22, 2009, and *966 March 16, 2010.[4]
ISSUES
The sole issue on appeal is whether the arbitrator exceeded her authority by rendering a judgment against the Association and 1427 Dauphine, L.L.C., over which the Johnsons contend the arbitrator lacked personal jurisdiction because they were never made parties to the arbitration proceedings. On this basis, the Johnsons urge us to reverse both of the trial court’s judgments insofar as they pertain to issues involving the Association and/or 1427 Dauphine, L.L.C.
DISCUSSION
We first note that the arbitrator was aware of the Johnsons’ objections to her rendering a decision that impacted non-parties to the arbitration, and she addressed this issue in her Reasons for Judgment, stating:
The Johnsons have asserted that 1427 Dauphine, LLC, and the Isle of Orleans Condominium Association are distinct parties and are not parties to the arbitration. They also maintain that the issues asserted by 1425 Dauphine, LLC and Michael Moffitt involve entities that are not properly before the arbitrator. The arbitrator disagrees. The judgment clearly provides that all parties who were enumerated in the Motion and in the Memorandum in Opposition to the Motion are subject to the arbitration. As previously noted, the testimony of both Anthony N. Johnson, and Bernadette Johnson establishes that they are the sole members of 1427 Dauphine, LLC. In addition, they are also members of the board and officers of the Isle of Orleans Condominium Association, Inc. Therefore, they are the proper parties to address those issues relating to the claims of 1425 Dauphine, LLC, and Michael Moffitt_ [T]he ... Isle of New Orleans Condominium Association, Inc. and 1427 Dauphine, LLC ... are either owned and/or controlled by Anthony N. | r,Johnson or Bernadette Johnson. Therefore, the arbitrator finds that all parties and issues are properly before her.
As stated previously, the arbitration award consists of ten orders. The first two, compelling the removal of the dogs from Unit 1425 and the removal of garment bags and bikes that were being kept by the John-sons in the common areas, are not being challenged on appeal. With regard to the remaining eight orders, the Johnsons contend that the district court erred by confirming the award because the arbitrator exceeded her authority in rendering these orders. The orders complained of are as follows:
IT IS FURTHER ORDERED that ANTHONY N. JOHNSON call the 2009 annual meeting of the Board of Directors of the Isle of Orleans Condominium Association on before August 15, 2009 and send notice to all members pursuant to the bylaws of the Isle of Orleans Condominium Association, Inc. to be held on or before September 1, 2009.
IT IS FURTHER ORDERED that at the annual meeting the Isle of Orleans Condominium Association consider and resolve the following issues:
1. Approve the altered landscaping plan.
2. Present and adopt the 2009 Association budget.
*967 3. Present and adopt a video surveillance program for a four (4) camera system.
4. Pay the cost of the back porch partition from the completion reserve.
IT IS FURTHER ORDERED that the Greek Bust remain on the premises in the limited common area of the condominium.
IT IS FURTHER ORDERED that the insulation between the kitchens at 1425 and 1427 Dauphine Street, New Orleans, Louisiana be installed on or before September 1, 2009 and that the cost of the work be paid from the Contingency to Complete Fund as outline in the “Dissolution Agreement”.
IT IS FURTHER ORDERED that ANTHONY N. JOHNSON and BERNADETTE JOHNSON are no longer developers of the Isle of Orleans Condominium and that they pay all assessments and obtain all insurance policies in connection with their ownership of 1427½ and 1423 Dauphine Street, New Orleans, Louisiana.
IT IS FURTHER ORDERED that ANTHONY N. JOHNSON and BERNADETTE JOHNSON have the property at 1427½ and 1423 [ 7Pauphine Street, New Orleans, Louisiana resurveyed on or before September 1, 2009 and recorded at their cost.
IT IS FURTHER ORDERED that Article IX “Sales and other Transfer” be maintained until amended by the Isle of Orleans Condominium Association in accordance with the bylaws.
IT IS FURTHER ORDERED that ANTHONY N. JOHNSON AND BERNADETTE JOHNSON AND 1425 Dau-phine, LLC each bear their own costs of this arbitration proceeding.
Arbitration is a substitute for litigation. The purpose of arbitration is the settlement of differences in a fast, inexpensive manner before a tribunal of the parties’ choice; this purpose is defeated when participants seek judicial review of an arbitration award. Montelepre v. Waring Architects, 00-0671, 00-0672, p. 3 (La.App. 4 Cir. 5/16/01), 787 So.2d 1127,1130 (Citations omitted). Pursuant to La. C.C. arts. 3099, et seq. and the Louisiana Arbitration Law, La. R.S. 9:4201, et seq., arbitration is favored in Louisiana. Dicorte v. Landrieu, 08-0249, p. 3 (La.App. 4 Cir. 9/10/08), 993 So.2d 799, 801. Therefore, arbitration awards are presumed to be valid. Id. (citing American Lifecare, Inc. v. Wood, 02-1354, p. 5 (La.App. 4 Cir. 8/28/02), 826 So.2d 646, 649).
Errors of fact or law do not invalidate an arbitration award. Montelepre v. Waring Architects, supra, p. 4, 787 So.2d at 1130. Because the parties must agree to arbitration, they are presumed to accept the risk of procedural and substantive mistakes of either fact or law. Id. (Citation admitted). Therefore, an arbitration award must be confirmed by the trial court unless statutory grounds for vacating it exist. The burden of proof is on the party attacking the award. Id. (Citations omitted).
La. R.S. 9:4210 sets forth the sole grounds for vacating an arbitration award, which are:
IsA. Where the award was procured by corruption, fraud, or undue means.
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
*968 D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
In the instant case, the Johnsons argue that the arbitrator exceeded her powers by rendering portions of the award against two entities, namely 1427 Dauphine, L.L.C., and the Association, that were never made parties to the arbitration proceeding. We disagree.
First, we note that the arbitrator did not directly order either of these two entities to do anything; rather, she ordered the Johnsons (or Anthony Johnson alone) to perform certain tasks, and she ordered that other tasks be accomplished without specifying the person or entity responsible for complying with her order. More importantly, she did not order anything that was beyond the capabilities of Anthony Johnson, Bernadette Johnson and/or Michael Moffitt to perform. At all pertinent times, Anthony and Bernadette Johnson were the sole members of 1427 Dauphine, L.L.C., and Michael Moffitt was the sole member of 1425 Dauphine, L.L.C. Moreover, Michael Moffitt (representing 1425 Dauphine, L.L.C.) and the Johnsons (as owners of Unit 1427 and sole members of 1427 Dauphine, L.L.C.) were the sole officers and/or directors of the Association, of which Anthony | ¡Johnson was the president. It is uncontroverted that the John-sons and Michael Moffitt all participated in the arbitration proceedings by testifying.[5]
In Louisiana, a limited liability company (L.L.C.) is defined as “an unincorporated association having one or more members that is organized and existing under this Chapter.” La. R.S. 12:1301(10). The statutory scheme further provides that “the business of the limited liability company shall be managed by the members.... ” La. R.S. 12:1311. Moreover, “Each member, if management is reserved to the members ... is a mandatory of the limited liability company for all matters in the ordinary course of its business other than the alienation, lease or encumbrance of its immovables....” La. R.S. 12:1317. Similarly, a corporation must act through its board of directors and/or officers. We therefore find it significant that all the human members of both limited liability companies (1425 Dauphine, L.L.C. and 1427 Dauphine, L.L.C.), and all the officers and directors of the Association, participated in the arbitration proceedings.
By asserting that the arbitrator did not have jurisdiction over 1427 Dauphine, L.L.C. or the Association, appellants raise a procedural objection that would be cognizable in a court. However, an arbitration is different from a court proceeding. As this Court has stated:
Arbitration proceedings are not held to the same strict rules as are the courts. In the absence of statutory or agreed to procedures, the arbitrator has broad discretion in conducting the proceedings. Hennecke v. Canepa, 96-0772, p. 3 (La.App. 4 Cir. 5/21/97); 700 So.2d 521, 522, writ denied, 97-1686 (La.10/3/97), 701 So.2d 210. The appellate court’s function is to determine if *969 the arbitration proceedings have been fundamentally fair. Id.
Haase Construction Co., Inc. v. Strohmeyer, 98-2967, p. 3 (La.App. 4 Cir. 6/23/99), 738 So.2d 152, 154. Stated another way, the Louisiana Arbitration Law authorizes the courts to vacate an arbitration award if it was obtained in violation of due process requirements. Id., p. 4, 738 So.2d at 154. Thus, in Haase Construction, involving a dispute between a contractor and his customer, this court vacated the portion of the arbitration award that addressed matters not specified in the contractor’s demand for arbitration because the customer did not attend the arbitration proceeding and had no notice or knowledge that any matter other than those already specified in the demand would be addressed. Id.[6] Although we ruled in favor of the customer on due process grounds, this court expressly declined to adopt the customer’s argument that we should follow the civil law procedure relating to default judgments, stating: “We must bear in mind that a primary purpose of arbitration is a rejection of civil procedure.” Id., p. 5, 738 So.2d at 155.
As this court further noted, “[a]s long as the basic standards of fundamental fairness and due process are met, the courts should not burden the arbitration process with technical procedural requirements.” Id., p. 6, 738 So.2d at 156, n. 2. Accordingly, in Dicorte v. Landrieu, supra, this court held that the arbitrator’s error in rendering an award against the owner of a business, personally, as well as against the business itself (where only the business was a party to the contract providing for arbitration) did not constitute a statutory ground for vacating the arbitration award. 08-0249, p. 6, 993 So.2d at 803.[7]
Inin the instant case, there clearly is no due process violation, as the only three individuals involved in the dispute were aware of the issues to be addressed and participated in the arbitration proceeding. Under these circumstances, the failure to join certain corporate and/or legal entities composed solely of one or more of these same three individuals is at best a procedural error rather than proof that the arbitrator exceeded her powers. Such an error is not a statutory basis for vacating the arbitration award under La. R.S. 9:4210.
Accordingly, we find that the trial court did not err by confirming the arbitration award in its entirety.
CONCLUSION
For the reasons stated, the judgments rendered by the trial court are affirmed.
AFFIRMED.

. Article VII, entitled "Use and Occupancy Restrictions,” provides in part (e): "Common domestic pets are allowed, with the exception of dogs.”

. The Declaration stipulates that the vote of a "Super Majority,” defined as the Unit Owners who in "the aggregate own 66 2/3 of the entire undivided ownership” of the condominium is required to make any Board decision. The condominium regime was structured so that Unit 1425 and Unit 1427 each comprised 35% of the voting interest, and the cottage units each comprised 15%. Therefore, because Moffitt controlled 35% at the time of the vote, and the Johnsons controlled 65%, unanimity between them was necessary for any resolution to pass.

. Article V, Section 5 of the Declaration provides: "In the event there is any dispute among the Unit Owners that is not reconciled by a Board vote pursuant to the Declaration, Articles of Incorporation and/or By-Laws, such dispute shall be submitted to arbitration under the Louisiana Arbitration Act (La. R.S. 9:4201, et seq.).” (Emphasis added). The opposition argued that the dog issue had been resolved by the Board’s vote defeating the Johnson's motion.

. An order confirming, modifying, correcting, or vacating an arbitration award is an appeal-able judgment pursuant to La. R.S. 9:4215.

. Although the Johnsons raised their objection to the jurisdiction of the arbitrator over 1427 Dauphine, L.L.C. and the Association at the outset of the proceedings, they did not seek a writ application from the trial court’s December 1, 2008 interlocutory judgment ordering arbitration of all the issues, including those raised in the memorandum in opposition; nor did the Johnsons decline to participate in the arbitration on this basis. The arbitrator’s Reasons for Judgment reflect that the Johnsons filed a motion for summary judgment before the hearing commenced but withdrew the motion at the hearing, which then proceeded on the merits.

. This court expressly stated: "It should be noted that Haase [the contractor] does not contend that Strohmeyer [the customer] had actual knowledge that the arbitration proceeding would encompass the additional items.” 98-2967, p. 5, 738 So.2d at 155.

. See also Farmers Cotton Co., Inc. v. Savage, 30,289 (La.App. 2 Cir. 6/26/98), 714 So.2d 926, wherein the court found no grounds to vacate an arbitration award rendered against "Ben Savage d/b/a Indian Lake Farms Partnership,” a non-existent legal entity, even though Ben Savage was neither a partner nor mandatory of Indian Lake Farms Partnership, which itself had not submitted to arbitration.