# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 17-569

**MASTER CRAFT CONSTRUCTION, LLC**

**VERSUS**

**PRONOUN, INC.**

************

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 92421C
HONORABLE SCOTT WESTERCHIL, DISTRICT JUDGE

************
## SYLVIA R. COOKS
## JUDGE
************

Court composed of Sylvia R. Cooks, John D. Saunders and Candyce G. Perret, Judges.

**AFFIRMED.**

Francis R. White, III
434 East Lockwood Street
Covington, LA 70433
(985) 898-2124
COUNSEL FOR PLAINTIFF/APPELLEE:
 Master Craft Construction, LLC

Elvin C. Fontenot, Jr.
110 East Texas Street
Leesville, LA 71446
(337) 239-2684
COUNSEL FOR PLAINTIFF/APPELLEE:
 Master Craft Construction, LLC

Robert J. Williams
4830 Lake Street
Lake Charles, LA 70605
(337) 562-1116
COUNSEL FOR DEFENDANT/APPELLANT:
 Pronoun, Inc.

**COOKS, Judge.**

**FACTS AND PROCEDURAL HISTORY**

In February 2014, the City of Lake Charles contracted with Master Craft Construction, LLC for the construction of water service lines. The contract between the City of Lake Charles and Master Craft required that the work be completed within sixty (60) days and provided for liquidated damages in the event of non-completion within the specified time period.

In connection with this contract, Master Craft entered into a subcontract with Pronoun, Inc., to install several thousand feet of underground water pipes. Problems arose concerning the performance of Pronoun's duties under the subcontract. According to Master Craft, it took Pronoun fifteen days out of the sixty day project period to man the job. Master Craft also found out later that Pronoun did not have the insurance required by the subcontract, nor did it have the capital to purchase the insurance. Pronoun also did not have the necessary manpower or equipment to perform the contracted work. Master Craft claimed any work done by Pronoun was substandard and untimely. When Master Craft terminated the job, they alleged Pronoun had already pulled off the job to work on another project.

Pronoun was not paid for any of the work it performed. In response, Pronoun recorded a lien in Calcasieu Parish under the Louisiana Public Works Act, La.R.S. 38:2241 *et seq*. Suit to enforce the lien was subsequently filed in the Fourteenth Judicial District Court. Upon Master Craft's motion, the suit was stayed in the district court pursuant to the arbitration clause set forth in the contract between Master Craft and Pronoun.

Pursuant to the terms of the contract, Master Craft initiated the arbitration by making demand on Pronoun by certified mail on August 27, 2015. The contract provided that each party could select an arbitrator; and if both did so, then those

2

two arbitrators would select a third arbitrator to handle the proceeding. If only one party selected an arbitrator, that choice would be the arbitrator. Master Craft selected William Scott Montgomery, a licensed contractor, who had previous experience serving as an arbitrator. Pronoun did not select an arbitrator; thus, Mr. Montgomery became the arbitrator.

On September 18, 2015, counsel for Master Craft forwarded a copy of the notice of arbitration to Pronoun's counsel. Pronoun made no claim against Master Craft and filed no objections to the proceedings. On October 29, 2015, the arbitrator set the arbitration for November 18, 2015 and sent notice to all parties.

On November 12, 2015, six days before the hearing, counsel for Pronoun sent a letter requesting the arbitration hearing be reset as his client would be out of town on the date of the hearing. Master Craft did not oppose the request, and the arbitration hearing was reset for December 16, 2015. As Master Craft noted, nothing in the letter sent by Pronoun to the arbitrator referenced any complaint about the procedures employed by the arbitrator, any need for further discovery or any need for additional time to prepare.

On December 1, 2015, Pronoun propounded written discovery on Master Craft. At the request of the arbitrator, Master Craft expedited its responses, providing answers on December 9 and 10. On December 9, 2015, at Pronoun's request, a telephone conference was held. Pronoun requested the reset date of December 16, 2015 be continued, claiming it had not had sufficient time to conduct discovery. The arbitrator agreed to postpone the hearing one day to December 17, 2015.

On December 14, 2015, Pronoun filed a request with the Fourteenth Judicial District Court (where the previously stayed action was pending), requesting a Temporary Restraining Order to prevent the arbitration from going forward. In the request for TRO, Pronoun argued the arbitrator was governed by the rules of the

3

American Arbitration Association and Federal Rules of Civil Procedure, which he failed to properly "observe." The district court denied the request for the TRO, but ordered that Master Craft's principal, C.J. Burgess, be made available for a deposition.

The arbitration hearing occurred on December 17, 2015, during which documentary and testimonial evidence was presented. At the end of the hearing, the arbitrator concluded that Pronoun had performed some work for which it merited compensation. Thus, the arbitrator awarded Master Craft $40,000.00 in damages rather than the $65,000.00 it had requested, determining Pronoun was entitled to $25,000.00 for the work it performed. Master Craft was also awarded $16,500.00 in attorney fees.

Master Craft then applied to the district court to confirm the arbitration award and Pronoun moved that the award be vacated. After a hearing, the district court denied Pronoun's motion to vacate and entered judgment confirming the arbitration award. This appeal followed, wherein Pronoun asserts the "trial court erred in denying [its] Motion to Vacate the Arbitration award, which motion was based upon the alleged misconduct/misbehavior of the arbitrator." For the following reasons, we affirm the trial court's judgment denying Pronoun's motion to vacate and confirming the arbitration award.

## ANALYSIS

It has long been noted that "[b]ecause of the strong public policy favoring arbitration, arbitration awards are presumed to be valid." *National Tea Co. v. Richmond*, 548 So.2d 930, 932 (La.1989). Moreover, "[e]rrors of fact or law do not invalidate a fair and honest arbitration award," and "[t]he burden of proof rests upon the party attacking the award." *Firmin v. Garber*, 353 So.2d 975, 978 (La.1977). Such deference to arbitral awards is consistent with the longstanding recognition that arbitration is intended to "speedily . . . determine disputes and

4

controversies by quasi-judicial means, thus avoiding the formalities, the delay, the expense, and the vexation of ordinary litigation." *Housing Authority of New Orleans v. Henry Ericsson Co.*, 2 So.2d 195, 199 (La. 1941).

A district court may not vacate an arbitrators' award unless specifically authorized by statute. See La. R.S. 9:4210. An arbitration award, therefore, must be confirmed by a district court unless statutory grounds for vacating the award exist. See *Johnson v. 1425 Dauphine, L.L.C.*, 10-793 (La.App. 4 Cir. 12/1/10), 52 So.3d 962. Here, Pronoun sought relief under La.R.S. 9:4210, which provides:

> In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.
>
> A. Where the award was procured by corruption, fraud, or undue means.
>
> B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
>
> C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
>
> D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

A review of the record shows no evidence of corruption, impartiality or undue means on the part of the arbitrator. Likewise, there is no evidence the arbitrator engaged in any misconduct in regard to any evidentiary matter or scheduling. Disagreement by a party with the final judgment based on the facts presented is not a valid basis for vacating an arbitration award. Manifest error is not a judicially recognized ground for vacating or modifying an arbitration award. *National Tea Co. v. Richmond*, 548 So.2d 930 (La.1989). Absent the existence of any of the statutory or jurisprudential grounds for vacating or modifying an arbitration award, a reviewing court is prohibited from reviewing the merits of the arbitrator's

5

decision. *Webb v. Massiha*, 08-226 (La.App. 5 Cir. 09/20/08), 993 So.2d 345, *writs denied*, 08-2834, 08-2845 (La. 02/06/09), 999 So.2d 780.

Pronoun argues the arbitration award should be vacated because the arbitrator did not employ the full set of rules regarding construction arbitration set forth in the rules of the American Arbitration Association and the full set of rules pertaining to discovery set forth in the Federal Rules of Civil Procedure. Specifically, Pronoun argues this failure to follow these rules impeded its ability to undertake full discovery and prejudiced its ability to present its case.

However, Pronoun does not list what additional discovery it would have done and how that discovery might have affected the outcome of the case. As Master Craft noted, Pronoun was provided all of the documents used by Master Craft at the hearing, all the documents it requested in discovery and deposed the one witness called by Master Craft at the hearing.

Further, we agree with Master Craft that the arbitrator made numerous accommodations requested by Pronoun, including twice continuing the date of the hearing. Master Craft was also requested to expedite the discovery responses to Pronoun's questions, despite the fact they were made "last-minute" and months after the arbitration proceedings began. Pronoun cannot now complain they were prejudiced in receiving responses to their discovery shortly before the hearing, when they did not request them from Master Craft until shortly before the hearing. Master Craft also was ordered by the arbitrator to make their lone witness available to Pronoun for a deposition. Thus, we find Pronoun's assertion that the arbitrator prejudiced its ability to present its case is not supported by the record.

We also find no merit in Pronoun's assertion that the arbitrator was required to adopt and employ all the procedures set forth in the rules of the American Arbitration Association and the Federal Rules of Civil Procedure. Such a position is impossible to maintain and would lead to absurd results that would inhibit the

purpose of arbitration, which is the "speedy disposition of differences through informal procedures without resort to court action." *Firmin v. Garber*, 353 So.2d 975, 977 (La.1977).

As Master Craft notes, the arbitration provision in the contract provides the arbitrator has the "full powers and functions of a State District Judge with requests to such discovery." It is well settled that under Louisiana law "that trial courts in Louisiana have broad discretion when regulating pre-trial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse." *O'Dwyer v. Our Lady of Lake Nurse Anesthesia Program*, 13-703, p. 2 (La. 5/17/13), 117 So.3d 1252, 1253, citing *Moak v. Illinois Central Railroad Co.*, 631 So.2d 401 (La.1994). As set forth above, we find nothing to support the assertion that any discovery ruling by the arbitrator prejudiced Pronoun.

Master Craft also notes Pronoun's argument that all of the rules of the American Arbitration Association must be applied is not meritorious in this case. Here, the parties agreed to the method specified in the contract that each party may make their own choice for arbitrator as opposed to the American Arbitration Association rules which provide that the parties are to rank the candidates provided by the American Arbitration Association and then the Association would choose the arbitrator. Further, the rules of the American Arbitration Association and the Federal Rules of Civil Procedure provide for differing rules regarding the conducting of discovery. The American Arbitration Association places which documents are to be exchanged solely in the hands of the arbitrator, whereas the Federal Rules of Civil Procedure allow the parties to determine which documents are to be produced. Pronoun's argument that the arbitrator was bound by all the rules of the American Arbitration Association and the Federal Rules of Civil Procedure conflicts with the language of the contract between the parties. We also note the arbitration provision in the contract makes a general statement that the

7

arbitrator is to be governed by the rules of the American Arbitration Association. It does not state that each and every rule of the American Arbitration Association is to be applied. It then goes on to state the arbitrator shall apply "the substantive law of the State of Louisiana" and have the "full powers and functions of a State District Judge" with respect to discovery. It is well established that, in contract interpretation, the more specific provision controls the general. *Mixon v. St. Paul Fire & Marine Ins. Co.*, 84 So. 790 (La. 1920).

Moreover, a primary purpose of substituting arbitration for litigation is to eschew or avoid the highly technical rules of civil procedure. *Haase Construction Co., Inc. v. Strohmeyer*, 98-2967 (La.App. 4 Cir. 6/23/99), 738 So.2d 152. Thus, arbitration proceedings are not held to the same strict rules as are the courts. *Id*.

The court in *Construction South, Inc. v. Jenkins*, 12-63 (La.App. 5 Cir. 6/28/12), 97 So.3d 515, *writ denied*, 12-1756 (La.11/2/12), 99 So.2d 676, recognized that an arbitration award can only be challenged on the grounds specified in La.R.S. 9:4210. It further explained that an appellant cannot seek review of the merits of his or her claim by framing his or her argument in terms of the arbitration panel having exceeded its authority. *Id*. Having found no evidence of any corruption, impartiality or undue means on the part of the arbitrator in violation of La.R.S. 9:4210, we confirm the arbitration award.

### DECREE

In conclusion, we find Pronoun has failed to establish that any of the factors set forth in La.R.S. 9:4210 are present in this case. Therefore, we affirm the trial court's denial of Pronoun's motion to vacate and affirm the judgment confirming the arbitration award. All costs of this appeal are assessed to Pronoun.

**AFFIRMED.**

8