STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1172


CHASE BANK USA, N.A.

VERSUS

WENDY ROACH


**********

APPEAL FROM THE
LAFAYETTE CITY COURT
PARISH OF LAFAYETTE CITY COURT, NO. 2007 CV00481
HONORABLE THOMAS F. PORTER, IV, CITY COURT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Marc T. Amy, Judges.

REVERSED AND RENDERED.

Gregory M. Eaton
Linda L. Lynch
Eaton Group Attorneys, LLC
P. O. Box 3001
Baton Rouge, LA 70821-3001
(225) 378-3119
Counsel for Plaintiff /Appellant:
        Chase Bank USA, N.A.

Wendy Roach
In Proper Person
213 Broussard Avenue
Lafayette, LA 70501

**DECUIR, Judge.**

In this case a creditor appeals the denial of its petition to confirm an arbitration award. For the reasons that follow, we reverse the judgment of the trial court and enter judgment confirming the arbitration award.

**FACTS**

Wendy Roach, a resident of Lafayette, Louisiana, defaulted on her credit card payments to Chase Bank. The credit card agreement contained the following:

> Arbitration: Any claim, dispute or controversy ("Claim") by either you or us against the other or against the employees, agents or assigns of the other, arising from or relating in any way to this Agreement or your Account, including Claims regarding the applicability of this arbitration clause or the validity of the entire Agreement, shall be resolved by binding arbitration by the National Arbitration Forum, under the Code of Procedure in effect at the time of claim is filed. Rules and forms of the National Arbitration Forum may be obtained and Claims may be filed at any National Arbitration Forum office, www.arb-forum.com, or P.O. Box 50191, Minneapolis, Minnesota 55405, telephone 1-800-474-2371. Any arbitration hearing at which you appear will take place at a location within the federal judicial district that includes your billing address at the time the Claim is filed. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. 1-16. Judgment upon any arbitration award may be entered in any court having jurisdiction.

Chase filed a claim for the defaulted payments in the amount of $6,929.95. Roach was sent two notices prior to the award proceeding. Roach did not respond or appear, and subsequently an award was issued out of the New Orleans office of the National Arbitration Forum on Sept 20, 2006. Notice of the award was sent to Roach but she did not respond nor submit any other communication to the arbitrator. On November 2, 2006, Chase sent a demand letter to Roach, identifying the arbitration award and the credit card account upon which it was based.

On March 9, 2007, Chase filed a petition to confirm the arbitration award in Lafayette City Court. The Lafayette City Court, relying on La.R.S. 9:4209, denied

the motion for confirmation of the arbitration award for want of jurisdiction in that the confirmation rule was filed in an improper venue. Chase lodged this appeal.

## DISCUSSION

Chase contends that the trial court erred in applying La.R.S. 9:4209, which provides that an arbitration award be confirmed in the parish where the award was made. We agree.

The arbitration clause on its face provides that it is governed by Federal Arbitration Law. La.R.S. 9:4216 provides that Louisiana arbitration law does not apply " to contracts for arbitration which are controlled by valid legislation of the United States." Chase points out that the Uniform Arbitration Act and Revised Uniform Arbitration Act provide for confirmation in the county where the award was made, the county where the debtor resides or signed the contract, or where designated in the agreement. However, Chase also notes that the Fair Debt Collection Practices Act 15 U.S.C. § 1692(i) requires that the confirmation be filed where the contract was signed or the debtor resides. Accordingly, we find the trial court erred in refusing to confirm the arbitration award based on lack of jurisdiction and improper venue.

Turning to the issue of whether the award should be confirmed we note:

Arbitration is favored and an arbitration award is res judicata. Unless grounds for vacating, modifying or correcting the award are established, the award *must* be confirmed, and the burden of proof is on the party attacking the award.

*Louisiana Physician Corp. v. Larrison Family Health Ctr., L.L.C.,* 03-1721 p. 2 (La.App. 3 Cir. 4/7/04), 870 So.2d 575, 578.

In this case, the defendant has raised no issues challenging the arbitration. Accordingly we find the motion to confirm the arbitration award should be granted.

2

## DECREE

For the foregoing reasons, the judgment of the trial court is reversed and judgment is entered confirming the arbitration award in favor of Chase Bank and against Wendy Roach.  All costs of these proceedings are taxed to appellee, Wendy Roach.

**REVERSED AND RENDERED.**