DREW, J.
 

 | [Ricky D. Smith established a credit card account with MBNA, which later became FIA Card Services (“FIA”). The contract required arbitration in case of disputes. Smith placed charges on the account and became in arrears. The dispute went to arbitration, pursuant to due notice.
 
 [1]
 
 An award was entered, which was duly confirmed in the Fourth Judicial District Court. Smith now appeals the judicial confirmation of the adverse arbitration award as to his indebtedness. Finding no error below, we affirm.
 

 CHRONOLOGY OF SIGNIFICANT PLEADINGS AND EVENTS
 

 11/03/06 Notice of arbitration mailed to 9137 Beechwood Dr., Bastrop, LA 71220, the same address Smith used on his subsequent pleadings.
 
 [2]
 

 01/12/07 Second notice of arbitration sent to same address.
 

 02/12/07 Arbitration award rendered in favor of FIA, specifically finding that notice of arbitration was properly made upon Smith.
 

 02/13/07 Notice of arbitration award mailed to Smith, who never interposed an objection within the arbitration proceedings.
 

 06/05/07 FIA sued Smith to confirm arbitration award, also filing a request for admission of facts.
 

 07/03/07 Smith,
 
 pro se,
 
 filed an exception of want of amicable demand.
 

 08/20/07 FIA sent Smith a request for genuineness of document and request for production of document.
 

 09/13/07 FIA filed a motion to overrule Smith’s exception, reflecting notice by mail having been made on 8/20/07.
 

 12/17/07 On this date, Smith’s exception was overruled, with the trial court ordering that the petition be answered within 10 days, with notice of judgment having been sent this date.
 

 (.01/02/08 Smith filed untimely response
 
 [3]
 
 to FIA’s (6/5/07) request for admission of fact,
 
 [4]
 
 
 *1102
 
 as well as his original answer (denying the existence of an arbitration order) and a re-conventional demand.
 

 01/22/08 Affidavit filed by FIA, confirming notification to defendant of the need to file responsive pleadings, which notice enclosed a copy of the preliminary default, all as per La. C.C.P. art. 1702(A).
 

 03/03/08 FLA filed answer to defendant’s reconventional demand.
 

 03/20/08 Smith filed first set of requests for production of documents.
 

 10/02/08 Judge Alvin Sharp granted judgment in favor of FIA.
 

 10/30/08 Judge Sharp set aside his previous judgment for “lack of service of process.”
 

 11/20/08 Smith filed an amended answer and reconventional demand plus an amended response to requests by plaintiff.
 

 2/23/09 Initial hearing date on exception; record left open until 3/30/09.
 

 3/30/09 Hearing concluded; FIA’s motion to confirm arbitration award granted; FIA’s exception of no cause of action upheld.
 

 05/08/09 Filing of written reasons for judgment.
 
 [5]
 

 05/21/09 Motion for appeal filed.
 

 06/09/09 Amended order of devolutive appeal signed.
 

 |;06/11/09 Judgment issued confirming arbitration award and dismissing Smith’s reconventional demand.
 
 [6]
 

 06/15/09 Notice of judgment mailed to Smith.
 

 THE LAW
 

 La. R.S. 9:4209. Motion to confirm award; jurisdiction; notice
 

 At any time within one year after the award is made any party to the arbitration may apply to the court in and for the parish within which the award was made for an order confirming the award and thereupon the court shall grant such an order unless the award is vacated, modified, or corrected as prescribed in R.S. 9:4210 and 9:4211. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof.
 

 La. R.S. 9:4210. Motion to vacate award; grounds; rehearing
 

 In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.
 

 A. Where the award was procured by corruption, fraud, or undue means.
 

 
 *1103
 
 B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
 

 C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
 

 D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
 

 Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.
 

 La. R.S. 9:4211. Motion to modify or correct award; grounds
 

 In any of the following cases the court in and for the parish wherein the award was made shall issue an order modifying or correcting the award upon the application of any party to the arbitration.
 

 A. Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
 

 B. Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted.
 

 |4C. Where the award is imperfect in matter of form not affecting the merits of the controversy.
 

 The order shall modify and correct the award so as to effect the intent thereof and promote justice between the parties.
 

 La. R.S. 9:4212. Judgment upon award Upon the granting of an order confirming, modifying, or correcting an award, judgment may be entered in conformity therewith in the court wherein the order was granted.
 

 La. R.S. 9:4213. Notice of motions; when made; service; stay of proceedings
 

 Notice of a motion to vacate, modify, or correct an award shall be served upon the adverse party or his attorney within three months after the award is filed or delivered, as prescribed by law for service of a motion in an action. For the purposes of the motion any judge, who might issue an order to stay the proceedings in an action brought in the same court may issue an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award.
 

 La. R.S. 9:4216. Limitation of application of Chapter
 

 Nothing contained in this Chapter shall apply to contracts of employment of labor or to contracts for arbitration which are controlled by valid legislation of the United States or to contracts made prior to July 28,1948.
 

 La. C.C.P. art. 1467. Requests for admission; answers and objections
 

 Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within fifteen days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of thirty days after service of the petition upon him. If
 
 *1104
 
 objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny. A party who considers that a matter of | ¿which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; he may, subject to the provisions of Article 1472, deny the matter or set forth reasons why he cannot admit or deny it.
 

 The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pretrial conference or at a designated time prior to trial. The provisions of Article 1469 apply to the award of expenses incurred in relation to the motion.
 

 La. C.C. art. 3129. Approval of award by judge.
 

 The award in order to be put in execution, ought to be approved by the judge; but this formality is only intended to invest the award with a sufficient authority to ensure its execution and not to submit to the judge the examination of its merits, except in case an appeal is brought before him.
 

 9 U.S.C. § 9. Award of arbitrators; confirmation; jurisdiction; procedure
 

 If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.
 

 9 U.S.C. § 10. Same; vacation; grounds; rehearing
 

 
 *1105
 
 (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration-
 

 | f,(l) where the award was procured by corruption, fraud, or undue means;
 

 (2) where there was evident partiality or corruption in the arbitrators, or either of them;
 

 (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
 

 (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
 

 (b) If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.
 

 (c) The United States district court for the district wherein an award was made that was issued pursuant to section 580 of title 5 may make an order vacating the award upon the application of a person, other than a party to the arbitration, who is adversely affected or aggrieved by the award, if the use of arbitration or the award is clearly inconsistent with the factors set forth in section 572 of title 5.
 

 9 U.S.C. § 11. Same; modification or correction; grounds; order
 

 In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration—
 

 (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
 

 (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
 

 (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.
 

 The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.
 

 9 U.S.C. § 12. Notice of motions to vacate or modify; service; stay of proceedings
 

 Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident then the notice of the application shall be served by the marshal of any district within which the 17adverse party may be found in like manner as other process of the court. For the purposes of the motion any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award.
 

 
 *1106
 
 Legal errors are reviewed
 
 de novo.
 
 A district court’s review of an arbitration award is extraordinarily narrow. An appellate court makes a
 
 de novo
 
 review of a district court judgment confirming an arbitration award.
 
 NCO Portfolio Management, Inc. v. Walker,
 
 2008-1011 (La. App. 3d Cir. 2/4/09), 3 So.3d 628. In
 
 Chase Bank, USA, N.A. v. Roach,
 
 2007-1172 (La. App. 3d Cir. 3/5/08), 978 So.2d 1103, the court noted that arbitration is favored and an arbitration award is res judicata. The burden of proof is on the party attacking the arbitration award. Unless that party establishes grounds for vacating, modifying or correcting the award, the arbitration award must be confirmed.
 

 DISCUSSION
 

 Defendant’s reconventional demand, even as amended, makes only vague, illusory conclusions that his due process rights were violated. The facts of the reconventional demand are not well pleaded. In fact, not until the first hearing on February 23, 2009, did the plaintiff and the court appear to understand the thrust of his complaints. As Louisiana is a fact-pleading state, and since defendant pleaded no facts that could sustain any remedies by law, plaintiff’s exception of no cause of action was properly sustained. This conclusion is obvious on the face of the pleadings. Continuing the hearing was unnecessary, as the issue of appropriate notice of arbitration |8was a specific finding in the arbitration award.
 
 [7]
 
 It is clear that the learned trial court was making painstaking efforts at satisfying justice and allowing the defendant to have his day in court, which efforts are appreciated.
 

 As to Smith’s complaints about lack of subject matter jurisdiction, Morehouse Parish is the domicile of the defendant, thus the Fourth Judicial District Court is appropriate for the confirmation of the arbitration award. A similar issue was addressed in
 
 Chase Bank, USA, N.A., supra.
 
 Like Smith in the present dispute, the defendant was sent two notices prior to the arbitration proceeding. The defendant neither responded nor appeared at the arbitration. Notice of the arbitration award was sent to the defendant, who did not respond or make any other communication to the arbitrator. Chase Bank sent a demand letter to the defendant and subsequently filed a petition to confirm the arbitration award. The district court denied the confirmation based on lack of jurisdiction because the confirmation petition was filed in the wrong venue. The appellate court reversed the trial court’s denial of the confirmation, notwithstanding the language in La. R.S. 9:4209 stating “an arbitration award must be confirmed in the parish where the arbitration was made.” The Third Circuit relied on federal arbitration and debt collection statutes to reach the eminently practical result that confirmation of arbitration could be confirmed, among other places, where the contract was signed or where the debtor was domiciled. The debtor in
 
 Chase Bank, USA, N.A.,
 
 also had
 
 not
 
 challenged the arbitration.
 

 |9Smith could have attempted to challenge the arbitration procedure, but instead he waited to object until court proceedings were at hand. He also failed to timely respond to requests to admit or deny facts and genuineness of documents, deeming them admitted. It was mandato
 
 *1107
 
 ry that the trial court confirm the award, so long as the award had not been vacated, modified, or corrected. Nothing in this record supports any of these three situations.
 

 Morehouse Parish is the domicile of Mr. Smith, conferring subject matter jurisdiction upon the Fourth Judicial District Court, the trial court of general jurisdiction in and for the parishes of Ouachita and Morehouse.
 

 The Louisiana Legislature created the remedy of arbitration to simplify and speed the process of resolving disputes. This
 
 pro se
 
 party has confounded the system by putting this matter off for over three years.
 

 DECREE
 

 At the cost of Ricky D. Smith, the judgment below, affirming the award of arbitration, is AFFIRMED.
 

 APPLICATION FOR REHEARING
 

 Before STEWART, PEATROSS, DREW, MOORE and LOLLEY, JJ.
 

 Rehearing denied.
 

 [1]
 

 . Proper notice was specifically confirmed by the arbitrator in the award.
 

 [2]
 

 . His mother's house. The Federal Express envelope reflected delivery on November 3, 2007, to
 
 "A. Smith."
 

 [3]
 

 . Later amended on November 20, 2008.
 

 [4]
 

 . None of Smith’s responses were timely, rendering admitted FIA's Request for Admissions of Facts and Request for Genuineness of Documents, as per La. C.C.P. art. 1467.
 

 Thus he admitted that:
 

 • he received notice of the arbitration proceedings;
 

 • the arbitration award had not been modified, vacated, or corrected;
 

 
 *1102
 
 • the credit card agreement approved the arbitration procedure;
 

 • the notice of arbitration was genuine;
 

 • the arbitration award was genuine; and
 

 • his card member agreement approved the arbitration.
 

 [5]
 

 . The trial court found that proper notices were made to Smith, who had been properly informed he should file a response within 30 days and that failure to do so might result in an award being entered against him. Further, the court reasoned that Smith's failure to file any response to the notice of arbitration resulted in no notice being required of the date, place and time that the preliminary default was to be entered and confirmed, resulting in the mandatory confirmation of the arbitration award against Smith.
 

 [6]
 

 .
 
 See Ovennier v. Traylor,
 
 475 So.2d 1094 (1985).
 

 [7]
 

 . See findings and conclusions # 3 under “Case Summary”:
 
 An arbitration hearing notice was duly delivered to the Parties as required by the Forum Rules;
 
 and # 3 under "Decision”:
 
 The Claim was properly saved on the Respondent by Claimant in accordance with Rule 6, including a Notice of Arbitration.