STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-489

JERRY EUGENE POWERS, ET AL.

VERSUS

ROYAL MANUFACTURED HOMES, LLC, ET AL.

**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 68,012-A
HONORABLE J. LARRY VIDRINE, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, J. David Painter, and Shannon J. Gremillion, Judges.

AFFIRMED.

Kevin John Christensen
Kevin Christensen & Associates, LLC
601 Poydras Street, Suite 2335
New Orleans, LA 70130
(504) 309-6400
Counsel for Defendant/Appellee:
        Charming Castle, LLC

Patrick C. Morrow
Candyce C. Gagnard
Morrow, Morrow, Ryan & Bassett
P. O. Box 1787
Opelousas, LA 70571
(337) 948-4483
Counsel for Defendant/Appellant:
        Royal Manufactured Homes, LLC

**C. Brent Coreil**
**Virginia Coreil Drago**
**Attorneys at Law**
**P. O. Drawer 450**
**Ville Platte, LA 70586**
**(337) 363-5596**
**Counsel for Plaintiffs/Appellees:**
     **Jerry Eugene Powers, et al.**

**DECUIR, Judge.**

Plaintiff, Jerry Eugene Powers, and his now-deceased wife, Ethel Elaine Powers, filed this redhibition suit against Royal Manufactured Homes L.L.C. complaining of numerous defects in a mobile home they purchased in 2005. The matter was submitted to arbitration, and an award was issued in the plaintiff's favor on November 4, 2008. Objecting to the sufficiency of the award, the plaintiff filed a motion to vacate on February 4, 2009 which was granted by the trial court. The defendant has appealed and we affirm.

The trial court issued reasons for judgment which succinctly set forth the nature of the controversy before us:

> In November of 2005 Plaintiffs, Jerry Eugene Powers and Ethel Elaine Powers purchased from Royal Manufactured Homes, L.L.C., a 2004 Indies House Mobil[e] Home for a total sum of Ninety Thousand Six Hundred and No/100 ($90,600.00) Dollars.

> Immediately after the mobile home was set up problems with the structure began to manifest itself and plaintiffs filed a suit in redhibition. At the time of the filing a suit, plaintiffs had enumerated a list of sixty (60) problems with the mobile home. Defendants countered with an exception, which called for arbitration.

> Mr. and Mrs. Powers initiated the arbitration proceedings against the defendants by filing a "demand for arbitration" with the American Arbitration Associations and after some delays, Mr. Michael Patterson was selected as the Arbitrator. Mr. Patterson apparently began the process and made certain crucial ruling, which had an impact on the case before declaring that he had an ethical conflict in the case and withdrew. A subsequent Arbitrator was put in place and this subsequent Arbitrator rendered a ruling to which plaintiffs have objected and seek to have the arbitration award vacated and remanded to this Court.

> While the law of this State recognized that Louisiana Public Policy favors resolution of disputes through arbitration, the laws of this state demand that all Judicial hearings or Quasi Judicial hearings be fair, impartial and above board as is shown by the adoption of the "reasonable impression of partiality" standard.

> While this Court may go into a minute detailed examination of all the facts of the way this case was handled, it need go no further than Mr. Patterson. It is clear to this Court that Mr. Patterson knew of his

relationship to one of the attorneys in this case from the beginning. In spite of this knowledge, he assumed the detailed responsibilities of this case and after making rulings, which greatly affected the outcome, cited an ethical conflict, and withdrew.

It is the opinion of the Court that the arbitration proceedings were tainted by Mr. Patterson's conflict in this case and clearly fall within the scope of La.R.S. 9:4210. Since plaintiffs timely filed the Motion to Vacate the Arbitration award, this Court has no choice but to vacate the arbitration award and remand the case to this Court for further proceedings.

On appeal, Royal Manufactured Homes raises three issues for our review: *res judicata*, the failure to prove a statutory basis for vacating the award, and the untimeliness of the plaintiff's objection to the validity of the arbitration agreement. Upon review of the record before us, we find no merit to the arguments raised by the defendant.

In *NCO Portfolio Mgmt., Inc. v. Walker,* 08-1011, pp. 7-8 (La.App. 3 Cir. 2/4/09), 3 So.3d 628, 633, this court explained,

"[A]rbitration is favored, and an arbitration award is res judicata. Unless grounds for vacating, modifying or correcting the award are established, the award must be confirmed, and the burden of proof is on the party attacking the award." *Louisiana Physician Corp. v. Larrison Family Health Ctr., L.L.C.*, 03-1721, p. 2 (La.App. 3 Cir. 4/7/04), 870 So.2d 575, 578; *Chase Bank USA, N.A. v. Roach*, 07-1172 (La.App. 3 Cir. 3/5/08), 978 So.2d 1103, 1104. "It is well settled in both state and federal courts that an award may be challenged only on the grounds specified in the statute. The court cannot substitute its conclusion for that of the arbitrator." *Firmin v. Garber*, 353 So.2d 975, 977 (La.1977) (citations omitted). The grounds for setting aside an arbitration award are specifically set out in La.R.S. 9:4210. Absent the existence of one of the specified grounds, a reviewing court is prohibited from reviewing the merits of an arbitrator's decision. *Louisiana Physician Corp.*, 870 So.2d 575; see also *Allen v. A & W Contractors, Inc.*, 433 So.2d 839 (La.App. 3 Cir.), *writ denied*, 438 So.2d 578 (La.1983).

Before this court can discern whether *res judicata* serves to bar review of the merits of the arbitrator's decision, we must first decide whether the plaintiff's motion to vacate, premised on La.R.S. 9:4210, has merit. The statute provides as follows:

2

In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.

A. Where the award was procured by corruption, fraud, or undue means.

B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.

C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.

D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.

The trial court found proof of the arbitrator's bias, and the record supports this finding. The original arbitrator assigned to the case had a close personal and business relationship with the law firm representing the defendant. The arbitrator was aware of his own ethical conflict yet accepted the assignment, met with an attorney whom he had once employed, then ruled on a critical discovery conflict in the defendant's favor. Subsequent to that ruling, the arbitrator disclosed his relationship with defense counsel to the plaintiff. The trial court determined these circumstances tainted the proceedings and inhibited any impression of impartiality crucial to the proceedings.

We find no error in this conclusion and affirm the finding that plaintiff proved sufficient statutory grounds for setting aside the arbitration award. Consequently, we conclude that judicial review of the arbitration award is not barred by application of the doctrine of *res judicata.*

3

The question of the validity of the Arbitration Agreement Addendum signed by the plaintiff has also been raised by the parties, as the trial court assumed jurisdiction over all further proceedings, thereby apparently invalidating the signed arbitration agreement. The defendant argues the plaintiff untimely asserted his complaint that the agreement is invalid. Rather than raising this issue in the trial court, the defendant contends the issue of invalidity should have been addressed during the arbitration. The defendant does not seriously dispute the invalidity of the agreement, an "addendum" which purports to attach to and reference an installment sales contract which does not exist. In fact, Royal Manufactured Homes lost its appeal in a similar case involving the same addendum which this court characterized as "ill-conceived" and riddled with "confusion and ambiguity, as it attempted to incorporate by reference a document and a transaction that did not exist at any time" between the parties. *Easterling v. Royal Manufactured Housing, LLC*, 07-192, p. 14 (La.App. 3 Cir. 6/6/07), 963 So.2d 399, 408. Instead, the defendant contests merely the timeliness of the plaintiff's complaint regarding an "addendum" which references a contract that does not exist.

First, the plaintiff's motion to vacate was filed within three months "after the [arbitration] award [was] filed or delivered," as required by La. R.S. 9:4213. Second, because the arbitration award has been vacated, the validity of the arbitration agreement itself is now a question for the trial court. The fifth circuit describes the validity question as a threshold finding which must be determined regardless of timing. "[T]he validity of the underlying arbitration award rests on whether there is a valid arbitration agreement and the time limit imposed in the FAA for the debtor to modify the arbitration award does not come into play unless there is a valid written

4

agreement to arbitrate." *NCO Portfolio Mgmt. Inc. v. Gougisha*, 07-604, p. 7 (La.App. 5 Cir. 4/29/08), 985 So.2d 731, 734, *writ denied*, 08-1146 (La. 9/26/08), 992 So.2d 986. While this court in *Walker* criticized the open-ended language of *Gougisha*, it is clear the validity question would be appropriately addressed by the trial court on remand, now that the arbitration award itself has been vacated.

For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of the appeal are assessed to the defendant, Royal Manufactured Homes, LLC.

**AFFIRMED.**