MARION F. EDWARDS, Chief Judge.
12Pefendant/appellant, Gayle O. Jenkins (“Jenkins”), appeals a judgment of the Twenty-Fourth Judicial District Court confirming an arbitration award in favor of plaintiff/appellee, ConstructionSouth, Inc. (“CSI”). On March 24, 2004, CSI entered into a construction contract with 3901 Ridgelake, LLC (“Ridgelake”) to build Pontchartrain Caye Condominiums, a condominium project at 3901 Ridgelake Drive in Metairie, Louisiana. Jenkins, is the managing member of Ridgelake. CSI and Ridgelake entered into a contract, a standard form AIA Document “for Construction Projects of Limited Scope where the basis of payment is a STIPULATED SUM.” The contract contains the standard AIA arbitration provision. The contract showed the name of the owner as Ridgelake, underneath which was Jenkins’ signature, absent a title or other designation.
CSI sought to recover damages under the contract for failure of Ridgelake to pay sums due under the contract. According to the record, in December 2007, CSI initi *518 ated an arbitration proceeding against Ridgelake with the American Arbitration Association. While the arbitration proceeding was still pending in January 2009, |3CSI filed a petition in the Twenty-Fourth Judicial District Court against Jenkins personally, alleging that she made certain misrepresentations and diverted proceeds from insurance, as well as advances on a construction loan, and that she failed to pay particular applications for payment made by CSI. CSI alleged the following causes of action: detrimental reliance; fraud; disregard of corporate identity; and negligent or intentional misrepresentation. Jenkins filed an Exception of Prematurity and Motion to Stay, averring that the dispute in question was the subject of the arbitration proceedings and that the claims against her were required to be decided in that forum. In April 2009, the court ordered the parties to the lawsuit, including Jenkins, to proceed to arbitration and granted the Motion to Stay, finding the Exception of Prematurity to be moot.
On January 14, 2011, the arbitrator entered his Final Award, finding that CSI substantially performed the construction contract with Ridgelake and that the unpaid balance owed by Ridgelake was $1,040,550, plus interest. It was also determined that Ridgelake’s failure to pay constituted an unexcused material failure to perform its obligations and was a breach of contract. The arbitrator also found that Jenkins, as the managing member of Ridgelake, was personally liable for its obligations to CSI because she disregarded the corporate formalities and conducted the business in such a manner that she and Ridgelake were alter egos of one another. She co-mingled corporate and personal funds, undercapitalized the company, and made preferential payments out of company funds to herself in lieu of outstanding obligations to CSI. CSI was not liable for bad faith or intentional misconduct.
Ridgelake and Jenkins were ordered to pay the amount of $1,499,725, as well as the administrative fees and expenses of the arbitrator, within thirty days.
|4On January 28, 2011, CSI moved to confirm the arbitration award, but learned that Jenkins had filed a voluntary petition for Chapter 11 Bankruptcy on January 18, 2011. In February 2011, CSI moved the Bankruptcy Court for relief from the automatic stay in order to resume and complete the confirmation of the arbitration award in state court. Counsel for Jenkins had no opposition to the motion, which was then granted by the Bankruptcy Court.
Six days prior to the confirmation hearing, Jenkins filed a notice of removal of the matter to federal court. In turn, CSI moved to remand the matter back to state court, which motion was granted. In so doing, the federal court further assessed reasonable attorney’s fees and costs against Jenkins. Prior to the confirmation hearing re-set in state court, Jenkins requested the award be vacated, urging that the arbitrator exceeded his authority in rendering an award against her, a non-party; that the award was not based on contract; and that the findings constituted a manifest disregard of the law. Following a hearing, the trial court found that Jenkins consented to and voluntarily joined in the arbitration between Ridge-lake and CSI; that the arbitrator did not exceed the authority granted him by the parties; and that statutory grounds for vacatur were not established. In the transcript, the court also found that the motion to vacate was untimely. The court confirmed the award in the amount of $1,538,610 plus legal interest. Jenkins appeals.
On appeal, Jenkins urges that the request to vacate was timely. She further *519 avers that the tort causes of action were not before the arbitrator and that the findings of the arbitrator did not arise out of the contract that was the subject of the mediation. Jenkins argues that the award “finds its essence” in an equitable remedy rather than in contract.
|aOn appeal, we decline to address the issue of timeliness because of our findings below.
The arbitration clause contains the following language:
Except by written consent of the person or entity sought to be joined, no arbitration arising out of or relating to the Contract Documents shall include, by consolidation, joinder or in any other manner, any person or entity not a party to the Agreement under which such arbitration arises, unless it is shown that at the time the demand for arbitration is filed that (1) such person or entity is substantially involved in a common question of fact or law, (2) the presence of such person or entity is required if complete relief is to be accorded in the arbitration, (3) the interest or responsibility of such person or entity in the matter is not insubstantial, and (4) such person or entity is not the Architect or any of the Architect’s employees or consultants. The agreement herein among the parties to the Agreement and any other written agreement to arbitrate referred to herein shall be specifically enforceable under applicable law in any court having jurisdiction thereof.
As the basis for her exception of prematurity and motion to stay, Jenkins invoked the arbitration clause in the contract and confessed in her memorandum that she had filed a written demand for arbitration and
thereby has supplied the written consent required by that provision in order to join in the arbitration ‘any person or entity not a party to the Agreement under which such arbitration arises.’ Furthermore ... the exception of persons who are not parties to the Agreement but may be joined in arbitration ... covers Jenkins. That is, Jenkins is a person who is ‘substantially involved in a common question of fact or law.’
She further stated that
ConstructionSouth has clearly raised the issue of veil-piercing and alter ego through its factual allegations and third count of its complaint, It would be inequitable to permit ConstructionSouth to litigate under a theory of piercing the veil or alter ego liability while denying Jenkins the right to arbitrate these claims....
In argument to the court, Jenkins argued that the arbitration clause in the contract between Jenkins, Ridgelake, and CSI applied to any disputes arising from |fithe work performed, citing Grigson v. Creative Artists Agency, LLC,[1] a federal Fifth Circuit case, as controlling. Grigson holds that proceedings against parties and non-parties to the arbitration agreement are stayed pending the outcome of arbitration, when the action against the non-party is dependent upon interpretation of the underlying contract.[2] Parties to arbitration agreements cannot avoid them by casting their claims in tort, rather than in contract.[3] Further, in certain limited instances, a non-signatory-to-an-arbitration-agreement-defendant can compel arbitration against a signatory-plaintiff.[4] Jenkins *520 urged that her case presented the classic situation set forth by Grigson: the interdependency of the claims was based on the petition claiming that she is responsible for the obligations of Ridgelake. In argument to the court, Jenkins’ counsel stated that
My client would like to bring this whole thing under one tent and the fact that Mr. Hall has been keen enough to kind of couch the claims in a different way doesn’t get around the fact that everything arises out of the contract between 3901 Ridgelake and ConstructionSouth. Given the fact it’s an arbitration provision, this matter should be sent to arbitration ....
Jenkins repeatedly emphasized that the money being sought in the petition was money owed under the contract.
Following argument, the court ordered that the “proceedings in this case be stayed and that the parties are ordered to proceed to arbitration.”
Jenkins now argues that she was not a party to that arbitration and the tort claims made by CSI against her were not before the arbitrator. Rather, she urges that the trial court ordered the tort claims expressed in the petition to be arbitrated after the original contract arbitration concluded. She quotes the judgment language: “[T]he parties are to proceed to arbitration pending the outcome of the Jjcurrent arbitration between plaintiff Con-structionSouth Inc. and 3901 Ridgelake L.L.C. ...”
Arbitration is favored as a public policy in Louisiana.[5] Confirmation of an arbitration award is reviewed de novo.[6] Arbitration awards are presumed to be valid.[7] A district court’s review of an arbitration award is “extraordinarily narrow.”[8] An arbitration award is res judicata. Unless grounds for vacating, modifying or correcting the award are established, the award must be confirmed, and the burden of proof is on the party attacking the award.[9] Errors of fact or law do not invalidate an arbitration award.[10] Because the parties must agree to arbitration, they are presumed to accept the risk of procedural and substantive mistakes of either fact or law.[11]
An arbitration award may be challenged only on the grounds specified in the arbitration statutes.[12] A motion to vacate an arbitration award may be filed:
A. Where the award was procured by corruption, fraud, or undue means.
*521 B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
1 RWhere an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.[13]
The law additionally provides that an arbitration award may be modified or corrected:
A. Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
B. Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted.
C. Where the award is imperfect in matter of form not affecting the merits of the controversy.
The order shall modify and correct the award so as to effect the intent thereof and promote justice between the parties.[14]
Our review of the record discloses that, as she argued in her Motion to Stay, the claims against Jenkins clearly arose out of the contract. As a matter of fact, she specifically requested those claims be sent to arbitration. In granting the Motion to Confirm Arbitration Award, the trial court found that Jenkins compelled arbitration by asserting that she had a right to do so even though she was not a signatory of the contract. “Ms. Jenkins consented to the authority of the arbitrator.” We see no error in this finding.
We further determine that the claims were, in fact, before the arbitrator at the time of the award. The Final Award of Arbitrator states that the proceedings concerned the agreement of CSI, Ridgelake, and Jenkins. Evidentiary hearings were held over a period of several days and included representatives of the parties as well as those parties’ lawyers. In addition, in the record is the Order from the United States District Court for the Eastern District of Louisiana remanding Jenkins’ case back to state court after she had filed for removal to federal court (see above). In that order, the federal court outlined the procedural history of the |flcase, specifically noting that the Twenty-Fourth Judicial District Court ordered the claims brought by CSI against Jenkins proceed to arbitration, and that CSI had, in fact, proceeded to arbitrate their dispute. While parties may not be compelled to submit matters to arbitration which were not previously agreed to, there is no prohibition preventing parties from submitting additional matters to the arbitrator.[15] Jenkins clearly agreed to submit all matters to arbitration.
*522 It is well settled in both state and federal courts that an award may be challenged only on the grounds specified in the statute. The court cannot substitute its conclusion for that of the arbitrator.[16] A reviewing court cannot review merits of an arbitrator’s decision, and appellant may not actually seek review of the merits of the case by couching its argument in terms of arbitrators having exceeded their authority.[17] Absent the existence of one of the specified grounds in La. R.S. 9:4210, a reviewing court is prohibited from reviewing the merits of an arbitrator’s decision.[18] In this case, none of the grounds set forth in La. R.S. 9:4210 have been proven. La. R.S. 9:4211 is, likewise, inapplicable.
On the facts of this case, we find no cause to vacate the arbitrator’s award. The judgment of the trial court granting the motion to confirm the arbitrator’s decision is affirmed.
CSI has answered this appeal, asserting that the appeal is frivolous and requesting additional attorney’s fees.
Rule 2-19 of the Uniform Rules — Courts of Appeal provides that “The court may award damages for frivolous appeal in civil cases as provided by law.” |inDamages for a frivolous appeal are awarded pursuant to La. C.C.P. art. 2164, which states:
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.
An appeal is not automatically deemed frivolous simply because it lacks merit.[19] La. C.C.P. art. 2164 is penal in nature and must be strictly construed. It provides that an appellate court may award damages for frivolous appeal when there is no serious legal question, when the appeal is taken solely for the purpose of delay, or when it is evident that appellant’s counsel does not seriously believe in the position he advocates.[20]
We do not find that the present matter quite meets the requirements of a frivolous appeal, and, therefore, we decline to award additional attorney’s fees.
For the foregoing reasons, the judgment is affirmed.

AFFIRMED

. 210 F.3d 524, 526 (5th Cir.2000).

. Grigson, supra.

. Id.

. Id.

. Farmers Cotton Co., Inc. v. Savage, 30,289 (La.App. 2 Cir. 6/26/98), 714 So.2d 926, 928, writ denied, 98-2322 (La. 11/20/98), 728 So.2d 1288.

. FIA Card Serv., N.A. v. Smith, 44,923 (La.App. 2 Cir. 12/22/09), 27 So.3d 1100, 1106, writ denied, 10-0385 (La.4/23/10), 34 So.3d 265. See also, Sarofim v. Trust Co. of the West, 440 F.3d 213 (5th Cir.2006).

. Id. (citing Nat'l Tea Co. v. Richmond, 548 So.2d 930 (La.1989)).

. FIA Card Serv., supra. See also, Downer v. Siegel, 489 F.3d 623, 626 (5th Cir.), cert. denied, 552 U.S. 1063, 128 S.Ct. 721, 169 L.Ed.2d 555 (2007).

. FIA Card Seiv., supra.

. Johnson v. 1425 Dauphine, L.L.C., 10-0793 (La.App. 4 Cir. 12/1/10), 52 So.3d 962, 967, writ denied, 11-0001 (La.2/18/11), 57 So.3d 334 (citing Montelepre v. Waring Architects, 00-0671, 00-0672, p. 3 (La.App. 4 Cir. 5/16/01), 787 So.2d 1127, 1130).

. Id.

. Kleinschmidt v. Lanza, 10-0540 (La.App. 4 Cir. 9/15/10), 45 So.3d 1165, 1169, reh'g denied, (10/5/10), writ denied, 10-2478 (La.1/28/11), 56 So.3d 964.

. La. R.S. 9:4210.

. La. R.S. 9:4211.

.Kleinschmidt v. Lanza, supra (citing Casares v. James M. Brown Builder, Inc., 44,561, p. 5 (La.App. 2 Cir. 8/19/09), 17 So.3d 1022, 1026).

. Firmin v. Garber, 353 So.2d 975, 977 (La.1977).

. Wittich v. Wittich, 06-418 (La.App. 5 Cir. 11/28/06), 948 So.2d 195, 198 (citing P & M Equities, Inc. v. Latter & Blum, Inc., 96-940 (La.App. 5 Cir. 3/25/97), 692 So.2d 1255).

. Wittich, supra (citing Welch v. A.G. Edwards & Sons, Inc., 95-2085 (La.App. 4 Cir. 5/15/96), 677 So.2d 520).

. Alombro v. Alfortish, 02-1081 (La.App. 5 Cir. 4/29/03), 845 So.2d 1162, 1170, writ denied, 03-1947 (La. 10/31/03), 857 So.2d 486.

. Id.