# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 13-191


**FRANCES R. DETRAZ**

**VERSUS**

**BANC ONE SECURITIES CORP., ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20107723
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## MARC T. AMY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Marc T. Amy, and Phyllis M. Keaty, Judges.


**AFFIRMED.**

**Wayne A. Shullaw**
**Post Office Box 4815**
**Lafayette, LA   70502-4815**
**(337) 266-2310**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **J.P. Morgan Securities, LLC**

**Jamie L. Berger**
**Barrasso Usdin Kupperman Freeman & Sarver**
**909 Poydras Street, Suite 2400**
**New Orleans, LA   70112**
**(504) 589-9700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Morgan Keegan, Co., Inc.**

**Jessica M. Vasquez**
**650 Poydras Street, Suite 1414**
**New Orleans, LA   70130**
**(504) 571-9582**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Frances R. Detraz**

AMY, Judge.

The plaintiff filed suit, alleging mishandling of her securities account. She named her stockbroker and two brokerage firms as defendants. Upon joint motion of the parties, the trial court entered a stay of the proceedings and directed that the plaintiff's claim be submitted to binding arbitration. After arbitration, the defendants filed a motion to confirm the arbitration award in their favor. The plaintiff objected. After a hearing, the trial court confirmed the arbitration award and denied the plaintiff's motion to vacate that award. The plaintiff appeals. For the following reasons, we affirm.

## Factual and Procedural Background

Frances Detraz filed this matter, alleging that her stockbroker, Eric LeBlanc, mishandled her securities account. According to her petition, Ms. Detraz became a client of Mr. LeBlanc after she deposited a $100,000 check into her Bank One bank account. The deposit reflected proceeds from Ms. Detraz's husband's life insurance policy. Ms. Detraz contends that, at the time of the deposit, she was introduced to Mr. LeBlanc by a bank employee who did not inform her that Mr. LeBlanc was a stockbroker with Banc One Securities Corporation (hereinafter referred to as J.P. Morgan).[1] According to Ms. Detraz, Mr. LeBlanc invested her account in securities which, she contends, were not suitable for her expressed needs to meet her living expenses in tandem with her social security benefits throughout the remainder of her life.[2] Ms. Detraz asserts that she began making monthly withdrawals as she was instructed she could do while maintaining a

---

[1] The appellee's brief indicates that J.P. Morgan Securities, LLC has become the successor in interest to Banc One Securities and Chase Investment Services Corporation.

[2] Ms. Detraz's age at the time of the investments is unclear in the record. Ms. Detraz's petition recites her age as 73, without reference to a point in time. An excerpt of Mr. LeBlanc's testimony suggested that she was 60 years of age at the time of the events in question.

sufficient balance to provide for her finances. In 2000, Ms. Detraz made an additional deposit into her account following a real estate sale.

According to her petition, Ms. Detraz moved her account from J.P. Morgan to Morgan Keegan & Company, Inc. after Mr. LeBlanc changed his employment to Morgan Keegan. She contends that he again assured her that she could continue to withdraw $1500 from her account per month without disturbing her principal investment.

However, Ms. Detraz alleged that, in a 2009 meeting with Mr. LeBlanc, she was advised for the first time that she only had funds sufficient for one or two years given her level of withdrawal. Ms. Detraz contended that she was provided with no explanation for such a change in the account other than market performance. In particular, Ms. Detraz alleged that Mr. LeBlanc failed to advise her that her funds had been invested in what she termed as "high risk stocks" rather than "conservative stocks and bonds" as would be appropriate for her age group. Ms. Detraz suggested that, even with market fluctuations, she was informed that she would "outlive her money." Ms. Detraz further alleged that no supervisor or branch manager questioned the investments made in her account and that the investment strategy employed resulted in a $200,000 loss to her account.

Ms. Detraz filed this matter, naming Mr. LeBlanc, J.P. Morgan, and Morgan Keegan as defendants and citing a number of breaches of fiduciary duties allegedly owed in this case. Although originally filed in the Fifteenth Judicial District Court, the parties filed a "Consent Motion for Stay of Proceedings Pending Arbitration." The trial court subsequently stayed the matter before it "pending conclusion of arbitration and direct[ed] that plaintiff['s] claims be submitted to binding arbitration before FINRA [(Financial Industry Regulatory Authority)] Dispute

Resolution." The resulting arbitration award was rendered in favor of the defendants and is contained within the appellate record.

Subsequently, the matter returned to the trial court after J.P. Morgan[3] filed a "Motion to Confirm FINRA Arbitration Award." However, the plaintiff responded by filing a motion to vacate and remand arbitration award, contending that the arbitrators exceeded their powers by failing to follow established state jurisprudence. Following a hearing, the trial court rejected the plaintiff's contention and confirmed the arbitration award. It further denied the plaintiff's motion to vacate and remand the arbitration award.

The plaintiff appeals, assigning the following as error:

> The trial court erred by denying the motion to vacate arbitration award under La.R.S. 9:4210 on the grounds that the arbitrators who rendered the award exceeded their power by failing to apply state law which required fiduciaries to send written confirmation of investment strategies to elderly customers even after arbitrators received uncontroverted evidence of the violation.

## Discussion

*Louisiana Binding Arbitration Law*

The Louisiana Supreme Court has noted that the positive law of this state favors arbitration as a preferred method of alternative dispute resolution. *Hodges v. Reasonover*, 12-0043 (La. 7/2/12), 103 So.3d 1069, *cert. denied*, __U.S.__, 133 S.Ct. 1494 (2013). In this regard, La.R.S. 9:4201 provides:

> A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be

---

[3] Upon a joint motion by the plaintiff, Mr. LeBlanc, and Morgan Keegan, the trial court entered an order of dismissal dismissing the claims against Morgan Keegan and Mr. LeBlanc in his capacity as an employee of Morgan Keegan.

valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

The parties do not contest that this matter was appropriate for submission to an arbitration panel. Rather, the plaintiff challenges the trial court's confirmation of the arbitration award pursuant to La.R.S. 9:4209, which provides:

> At any time within one year after the award is made any party to the arbitration may apply to the court in and for the parish within which the award was made for an order confirming the award and thereupon the court shall grant such an order unless the award is vacated, modified, or corrected as prescribed in R.S. 9:4210 and 9:4211. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof.

Notwithstanding the mandatory nature of the trial court's confirmation of the award, as described above, La.R.S. 9:4210 provides that:

> In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.
>
> A. Where the award was procured by corruption, fraud, or undue means.
>
> B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
>
> C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
>
> D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
>
> Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion direct a rehearing by the arbitrators.

*See also* La.Civ.Code art. 3110 (providing that "[t]he arbitrators ought to determine as judges, agreeably to the strictness of the law.") Thereafter, and

4

"[u]pon the granting of an order confirming, modifying, or correcting an award, judgment may be entered in conformity therewith in the court wherein the order was granted." La.R.S. 9:4212.

*Motion to Vacate*

In her sole assignment of error, the plaintiff asserts that the trial court erred in denying her motion to vacate pursuant to La.R.S. 9:4210(D). In short, she argues that the uncontroverted evidence indicates that the arbitrators exceeded their powers by rendering an award that deviates from Louisiana law. In particular, the plaintiff contends that the arbitrators failed to apply *Beckstrom v. Parnell*, 97-1200 (La.App. 1 Cir. 11/6/98), 730 So.2d 942, which she advances for the proposition that a stockbroker's failure to provide a written disclosure of potential risks and ramifications of an investment is a breach of that broker's duty. The plaintiff argues that the evidence indicates, unequivocally, that such a written disclosure was not provided to her. In this regard she submitted excerpts of Mr. LeBlanc's testimony before the arbitration panel in support of her motion to vacate.

Notably, a party questioning an arbitration award must bear the burden of proving the grounds specified in La.R.S. 9:4210. *NCO Portfolio Mgmt., Inc. v. Walker*, 08-1011 (La.App. 3 Cir. 2/4/09), 3 So.3d 628. Otherwise, and unless the movant establishes grounds for vacating, modifying or correcting the award, a trial court must confirm the arbitration award. *Id.* Absent the existence of one of the enumerated grounds of La.R.S. 9:4210, the trial court must not otherwise review the merits of the arbitrator's decision. *Id.* The trial court's confirmation of an arbitration award is considered de novo by the court of appeal. *Id.*

In its award, the arbitration panel determined that:

> The claims clearly are erroneous. The Panel believes that the broker dealt openly and honestly with Claimant, did not pursue an improper investment strategy, and did not have control of the account. Further, Claimant knew from the statements, confirms and conversations with the broker that the account could, and did, fluctuate. The Panel also finds the claim clearly erroneous to the extent that it was premised on a blind reliance on the broker's alleged (and denied) statements that Claimant would never outlive her principal. This was particularly so, in the face of both substantial withdrawals and the above-mentioned market fluctuations.
>
> Any and all relief not specifically addressed herein, including Claimant's claim for relief for violation of the Louisiana Securities Act, Claimant's request for punitive damages and Claimant's and Respondent Banc One's respective requests for attorneys' fees, is denied.

By reaching this conclusion, the plaintiff argues, the arbitration panel exceeded its authority insofar as it did not apply jurisprudential authority dictating that an investor be provided with material disclosing risks associated with an investment. *See, e.g., Beckstrom*, 730 So.2d 942. In support of her argument that the award should be vacated, the plaintiff presented the trial court with excerpts of Mr. LeBlanc's testimony wherein he explained that he did not provide written disclosures as suggested by the plaintiff. This evidence, according to the plaintiff, dictated a finding of liability on his part. The trial court rejected that argument in its denial of the plaintiff's motion to vacate.

On review of the confirmation of the award, we find that the plaintiff's submission in support of her motion to vacate and remand the arbitration award reveals no error in the trial court's ruling. The plaintiff presents the question at issue as whether the arbitrators exceeded their power insofar as they allegedly failed to follow applicable state law. Yet, it is clear that the substance of the plaintiff's argument is that the arbitration award was factually and legally erroneous as the panel did not apply what she contends was undisputed evidence to

6

applicable jurisprudence which dictates that investment risks be disclosed in writing. However, in *ConstructionSouth, Inc. v. Jenkins*, 12-63 (La.App. 5 Cir. 6/28/12), 97 So.3d 515, *writ denied*, 12-1756 (La. 11/2/12), 99 So.2d 676, the fifth circuit recognized that an arbitration award can only be challenged on the grounds specified in La.R.S. 9:4210. It further explained that an appellant cannot seek review of the merits of his or her claim by framing his or her argument in terms of the arbitration panel having exceeded its authority. *Id.*

Significantly, "[b]ecause of the strong public policy favoring arbitration, arbitration awards are presumed to be valid." *Nat'l Tea Co. v. Richmond*, 548 So.2d 930, 932 (La.1989). In fact, "[e]rrors of fact or law do not invalidate a fair and honest arbitration award." *Id.* Instead, since the parties have agreed to arbitration as the preferred method of resolving their dispute, they are presumed to have accepted the risk of procedural and substantive mistakes of either fact or law. *ConstructionSouth,* 97 So.3d 515. With that consideration in mind, a trial court's review of an arbitration award has been described as "'extraordinarily narrow'." *Id.* at 520 (quoting *FIA Card Services, N.A. v. Smith*, 44,923 (La.App. 2 Cir. 12/22/09), 27 So.3d 1100, *writ denied*, 10-0385 (La. 4/23/10) 34 So.3d 265). It follows that, because confirmation of an arbitration award is reviewed by an appellate court de novo, the appellate review is necessarily limited as well. *See id.* In this case, the plaintiff's argument questions an application of facts to the law. Again, such consideration is inappropriate in the context of the confirmation of arbitration awards. *Id.*

Neither is this a situation evidencing a jurisprudentially created exception of manifest disregard of the law. *See, e.g., Mouret v. Belmont Homes, Inc.*, 12-55 (La.App. 3 Cir. 5/30/12), 91 So.3d 592; *Webb v. Massiha*, 08-226 (La.App. 5 Cir.

7

9/30/08), 993 So.2d 345, *writ denied*, 09-2834 (La. 2/6/09), 999 So.2d 780, *writ denied*, 08-2845 (La. 2/6/09), 999 So.2d 781. That jurisprudential ground for vacating an arbitration award has been described as pertaining to an error which is obvious and which is readily and instantly perceivable by an average person qualified to serve as an arbitrator. *See Welch v. A.G. Edwards & Sons, Inc.*, 95-2085, 95-2806 (La.App. 4 Cir. 5/15/96), 677 So.2d 520. "The doctrine implies that the arbitrator appreciates existence of [a] clearly governing legal principle but decides to ignore or pay no attention to it." *Id.* at 524. Simply, such a ground has not been demonstrated in this case. Rather, the brief and excerpted testimony submitted in support of the plaintiff's motion is only a portion of the larger context of the evidence presented at the arbitration proceeding. Additionally, the jurisprudence relied upon by the plaintiff in support of her argument as to the necessity of a written disclosure of investment risks anticipates a fuller demonstration of the facts. In fact, the primary case relied upon by the plaintiff, *Beckstrom*, 730 So.2d 942, did not involve the confirmation of an arbitration ruling and the limited scope of review associated with such a proceeding. Instead, it involved a full trial on the merits.

The plaintiff's assignment of error lacks merit.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this proceeding are assessed to the appellant, Frances R. Detraz.

**AFFIRMED.**